P. GARRAHY v. N. O. GREEN, ADMINISTRATOR, ETC.

1—There are few principles of law better settled than that which prohibits the admission in evidence of the declarations of a party to a sale, made after the sale has been completed, and in the absence of the other party, against whom they are sought to be used; and this principle is not affected by the fact that confidential relations and a family connection existed between the person whose declarations are in question and the party against whom they are offered.

2—The above ruling is not incompatible with anything decided in Garrahy v. Bayley & Co., 25th Tex., supplement, 294.

ERROR from Bexar. Tried below before the Hon. A. W. Terrell.

The facts are very clearly stated in the opinion of the court.

*S. G. Newton*, for the plaintiff in error.

*W. B. Leigh*, for defendant in error, insisted that the bill o exceptions was too vague and indefinite, citing 23 Tx., 639 20 Tex., 234; 17 Tex., 62, and cases there cited.

*N. O. Green*, also for defendant in error.

WALKER, J.—This was an action below to set ide a conveyance of goods from P. Coffy to the plaintiff error, by creditors of Coffy, who allege that the sale fro Coffy to Garrahy of the goods in question was fraudule and void. On the trial the following bill of exceptions w taken, and signed by the court.

"Be it remembered that on the trial of the ve entitled cause, the counsel for the plaintiff offered in idence the

declarations of P. Coffy, in the absence of P. Garrahy, said defendant, in regard to the transfer of the store of the said Coffy to said Garrahy, A. D. 1856. To all of which evidence, being that of several witnesses, the defendant then and there objected, for the reason that such declaration of said Coffy, not in the presence of Garrahy, could not affect or prejudice his rights; which objection was overruled by the court, and all the said evidence was admitted, to which ruling of the court the defendant then and there objected. The plaintiff also offered in evidence the letter of said Coffy to Charles H. Jordan, to which defendant objected for the same reason; which objection was overruled, and said letter was by the court admitted in evidence, to which defendant then and there objected. The defendant presents this bill of exceptions to the above mentioned rulings of the court, and prays that the same may be made a part of the record. Which is accordingly done.

"A. W. TERRELL, [Seal.]
" Judge Second District."

We are of opinion that this exception is well taken. It is true that the plaintiff below is a creditor of Coffy, pursuing goods in the hands of the defendant, which he alleges were fraudulently conveyed to Garrahy, by Coffy, to defraud his creditors.

But what is the character of the evidence to which the exception is taken? It consists of statements and declarations made to third persons, and a letter written by P. Coffy to one Charles H. Jordan, after the alleged sale of the goods from Coffy to Garrahy, and not made or written in the presence or with the knowledge of Garrahy.

There are few principles of the law better settled than that which prohibits the admission in evidence of the declarations of a party to a sale, made after the sale has been completed. Coffy was not a party to the record, and notwithstanding the relationship, and, if you please, confidential relations, which may have existed between him and Garrahy, his declarations

could no sooner be admitted in evidence than those of any other third person.

But it is claimed that the principle raised upon this record is precisely similar to that decided by this court in Garrahy v. Bayley & Co., 25 Tex. Sup. 294. We think the question entirely different from that decided in the case referred to.

In that case Coffy was introduced as a witness by Garrahy to disprove the allegations of fraud in the sale of the goods, and the foundation having been properly laid, his declarations and statements, and the letter written by him to Jordan, were properly enough introduced to impeach him, and this was the point decided by the Supreme Court in the able opinion delivered by Justice Bell.

Judgment is reversed and cause remanded.

Reversed and remanded.