J. S. THORNTON v. A. M. TANDY AND HENRY SMITH.

1. A party in failing circumstances may prefer a creditor by conveying to him a part or all of his property to the exclusion of other creditors, provided the transaction be in good faith.

2. The declarations of the assignor made after his sale and in the absence of his assignee are not admissible against the validity of such sale.

3. The retention of possession of the property after such sale by the vendor is not fraudulent, but is a badge of fraud, and should be explained.

APPEAL from Lavaca. Tried below before the Hon. W. H. Burkhart.

This is a case of trial of the right of property, and the testimony disclosed the following material facts, viz.:

"That J. A. Smith, the defendant in execution and vendor of the property in litigation, was insolvent; that he was indebted to Woods in the sum of fourteen hundred dollars, on a note executed by himself, with Tandy as security, on the twenty-ninth day of July, 1861, upon which note judgment was rendered subsequent to the inception of this case. Tandy had, however, made several payments upon the note before judgment, and at the time of this trial had paid the note in full, with the exception of fifty or one hundred dollars; that J. A. Smith was also indebted to Henry Smith in the sum of six hundred and thirty dollars, for services as teamster from the year 1865 to the year 1869, at the rate of fifteen dollars per month, as per agreement; that J. S. Thornton, appellant, was also one of J. A. Smith's creditors; and on the eighth day of October, 1869, J. A. Smith, at the request of Tandy, who was perfectly solvent, and also uneasy in regard to his liability on the note of Smith to Woods, transferred, by a written conveyance, certain property of the value of fourteen hundred and fifty dollars, to A. M. Tandy and Henry Smith, his brother-in-law and brother, with the private agreement that Tandy should assume and pay the Woods debt, upon which he was liable as surety; and after he had made himself whole out of the sale of said property, he was to pay the remainder, if any, over to Henry Smith (for it was estimated that the property would not be much more than sufficient to pay the debt to Woods), and Henry Smith was to lose the deficiency. This transfer was recorded in the clerk's office on the same day. On the same day Tandy wrote to Henry Smith to take immediate possession of the

property, as some of the members of his family were so dangerously ill that he could not leave them, and one of them died a few days afterwards—to take personal and corporeal possession of the property himself in person. The letter was delivered the day of the assignment to Henry Smith, who took formal possession and control of the property on the next day, and continued to exercise exclusive and entire control of the property, until the levy of the attachment in favor of J. S. Thornton against J. A. Smith, on the nineteenth and twentieth of October, 1869. A. M. Tandy and Henry Smith made affidavit and gave bond for the trial of the right of property. The property at the time of the levy was found on the place of J. A. Smith, where Henry Smith kept his clothing and other property, and had his washing done. The pleadings of claimants and plaintiff in attachment raised the question of fraud in the conveyance from J. A. Smith to claimants, and upon this issue the case was tried in the court below, resulting in a verdict and judgment for claimants. A motion for a new trial was overruled, and Thornton appealed.

*O. Ellis*, for appellant, cited 16 Texas, 34, Wright v. Linn; 2 Mart., N. S., 13, Guidry v. Grivot; 3 Mart., N. S., 22, Martin v. Reeves ; 5 Mart., 421, Highland v. Flake ; Cow. & Hill's Notes Phil. on Ev., 1 Vol., Note 166; 1 Camp., 333, Wordall v. Smith ; 23 Texas, 77, Gibson v. Hill ; 24 Texas, 64, Stadtler v. Wood ; 27 Texas, 285, Thompson v. Herring ; Id., 572, Carleton v. Baldwin ; 10 Texas, 393, Moseley v. Gaines; 22 Texas, 45, Humphreys v. Freeman; 15 Texas, 193, Edrington v. Rogers ; Smith's Lead. Ca., 40, Twyne's case.

*S. C. Patten*, for appellees, cited Pas. Dig., Arts. 1494, 5312; 20 Texas, 830, Sheldon v. Boyce; 10 Texas, 147,

Pierson v. Tom; 11 Texas, 322, Latham v. Selkirk; 5 Texas, 396, Lott v. Keash; 1 Greenl. Ev., Sec. 74; 32 Texas, 203, Garrahy v. Green; 22 Texas, 715, Baldwin v. Peete; 28 Texas, 76, Vanhook v. Walton; Bur. on Ass., 98; 2 Kent, 326, 532; 1 Texas, 420, Bryant v. Kelton; 14 Texas, 592, Earle v. Thomas; 2 Johns. Ch., 283, Hendricks v. Robertson.

OGDEN, P. J.—This is a suit for the trial of the right to certain property seized under attachment in favor of appellant, as the property of J. A. Smith. That a party in failing circumstances may prefer one or more creditors by conveying a portion or all of his property to him or them, to the exclusion of other creditors, provided the transaction be *bona fide,* is an elementary principle of law, repeatedly recognized by this court. And the fact that the transferree has knowledge that the debtor is insolvent, and that the assignment to him will delay and even defeat the claim of other creditors, will not affect the legality of the transaction. A person in failing circumstances may also sell to a stranger his property so as to delay or defeat his creditors, provided the vendee purchases in good faith, without any knowledge, either actual or constructive, of the intent of his vendor to hinder or delay his creditors, but this transaction will be scrutinized very closely by the courts, and any evidence of a fraudulent combination between the vendor and vendee will affect the validity of the sale as against creditors. There is a manifest difference between the principles of law which govern the two transactions. In both cases the transactions, in order to stand the test of scrutiny, must be *bona fide,* and not colorable or pretended; but further than that, the law favors a creditor who is attempting to collect or secure a just debt, and the rigid rules in regard to the intent of the debtor, or the knowledge of that in-

tent, which would control a purchase by a stranger, cannot be properly applied to a creditor.

In the case at bar the indebtedness of J. A. Smith to the claimants was clearly established, and we discover no evidence to throw any suspicion upon the assignment so far as the claimants are concerned. The assignment was made and recorded, and possession of the property, so far as was then practicable, was delivered by the assignor, and there is no evidence of his exercising any acts of ownership or control over the property after the assignment.

Under the facts, we think the court did not err in excluding from the jury the declarations of the assignor, after the transfer, when not in the presence of either of the assignees. (P. Garrahy v. N. O. Green, 32 Texas, 202.) The cases referred to as sustaining a contrary ruling are mostly where a pretended sale had been made to a stranger, and where the vendor retained possession and control over the property conveyed, and was even permitted by his pretended vendee to resell a portion of the same, and we do not think the decisions in those cases should govern this.

If it be admitted that the assignor retained possession, or concurrent possession, with one of the assignees, still this would be at most only a badge of fraud, susceptible of explanation, and which we think was fully explained by the testimony in harmony with the claim of a *bona fide* transaction. This certainly cannot be a parallel case with Gibson v. Hill, where the property pretended to be sold by a father to a son was for a long time left in the actual possession and under the control of the father, who hired out the same, and received the price for the hire. We have failed to discover the many badges of fraud which are supposed to exist in this case, or which should change the judgment of the lower court, and it is affirmed.

AFFIRMED.