R. V. ALLEN vs. P. J. WILLIS & BRO., ET., AL.

SUPREME COURT, TYLER TERM, 1883.

*Assignment—Verdict—Attachment.*—Where a jury finds that an assignment for the benefit of creditors is not fraudulent this court will hold that it was a valid assignment and passed title to the property for the purposes of the trust.

Title having so passed, the property would not be subject to attachment.

See facts of this case, and such defective record, as warrant a reversal of the cause.

Appeal from Grayson County.

*Woods, Wilkins & Cunningham and Hare & Head* for appellant.

No counsel marked for appellees.

STATEMENT.

Appellant brought this suit against the firm of P. J. Willis & Bro.,

and the sheriff and his securities upon his official bond, to recover the value of certain goods alleged to have been assigned to him by Wilson & Simpson, for the benefit of their creditors, which said goods were seized while in his possession by said sheriff, by virtue of an attachment issued in a suit instituted by P. J. Willis & Bro., against above assignors, after the execution of the deed of assignment.

Defendants plead fraud in the assignment, and for further defense set up that they had become the owners of all the debts preferred in the deed of assignment since the attachment issued.

The cause was submitted to the jury upon special issues, their findings upon which are stated in the opinion, upon which findings the court rendered judgment for appellant for costs of suit, but refused to give him judgment for the value of the goods assigned, or for the difference in their value, and the amount of the debts. From this judgment he prosecutes the appeal.

Opinion by Stayton, J.

There is no statement of facts in the record, but there were special issues submitted to the jury and answered, and it is claimed that upon the verdict the judgment should not have been rendered.

This is the only question we can consider. From the special findings it appears :

1. That the assignment made by Wilson & Simpson to the appellant, for the benefit of the creditors, was not fraudulent.

2. That Wilson & Simpson were indebted to the appellees, P. J. Willis & Bro.

3. That Wilson & Simpson were indebted to said appellees in the sum of $1093.34.

4. That said appellees owned all the debts against Wilson & Simpson.

5. That appellant, in addition to other property, received under the assignment, in notes and book accounts, not exceeding $400.

6. That the fair market value of the goods which passed by the assignment to Allen, and were afterwards seized under the attachment sued out by appellees, P. J. Willis & Bro., against Wilson & Simpson, was $2390 at the time and place of seizure.

7. That Allen, under the assignment in execution in trust, had paid, or incurred expenses amounting to $117.

8. That Allen had received from the assets of Wilson & Simpson $150 by collection of notes and accounts or sales of goods.

9. The jury repeated its finding that the assignment to Allen was not fraudulent.

10. That the attachment, sued out against Wilson & Simpson, was wrongfully sued out.

The jury having found that the assignment made by Wilson & Simpson to appellant was not fraudulent, it must be held that it was a valid assignment, and passed title to the property to Allen for the purposes of the trust. Burrill on Assignments, Sec. 325.

The title having so passed, it would follow that the property would not be subject to seizure under an attachment issued in a suit in which appellees, P. J. Willis & Bro., were plaintiffs, and Wilson & Simpson defendants. The very purpose of the assignment, as appears from the answer, was to secure the payment of the debt to appellees as well as others.

The assignment was made prior to the act of March 27, 1879, which regulates assignments, and hence not to be controlled by its provisions.

If the trustee was an unsuitable person, or was in any way mismanaging the trust estate, he was subject to removal, or to such control by a court of equity, in a proper proceeding, as might be necessary for the purpose of protecting those interested in the trust fund, among whom would be not only the creditors but also the assignor, for he would be entitled to receive any balance remaining in the hands of the assignee after the payment of debts and costs of the trust.

The appellees set up in their answer an indebtedness to them by Wilson & Simpson for over $3000, a sum exceeding the value of the goods seized under the attachment, but the verdict of the jury determines that they hold just claims against Wilson & Simpson amounting to only $1094.34, yet the court below only rendered a judgment in favor of appellant for costs, when, according to the verdict the appellees had seized under the attachment goods of the value of $2390, at the time and place of seizure.

We do not perceive, if the assignment was valid, even if an attachment could have been legally levied upon the goods in the hands of the assignee, who, according to the answer, was holding for the benefit of the appellees, P. J. Willis & Bro., as well as other credi-

tors, and even if the appellees could plead in offset to the demand of the assignee, the claims which they held against Wilson & Simpson, why judgment should not have been rendered against them for the value of the goods in excess of their claim, for they surely had no right to hold, in any event, more than was necessary to pay the debt due them.

The judgment, as rendered, leaves them with goods to the value of $1266.66, to which, under the finding, the assignee would surely be entitled, and would hold for the benefit of creditors, or for the assgnors, if all debts entitled to share in the trust fund were paid, together with the costs of the trust.

Whether the amount due to the appellees from Wilson & Simpson could be pleaded in offset to the demand of the assignee in any event, as the action stands, is doubtful; if so it could only be done and allowed if it appeared that there were ample funds in the hands of the assignee to satisfy the claims of all persons who could claim under the assignment.

From the verdict this cannot be known to be true, for the terms of the assignment are not before us; whether made for the benefit of all the creditors of Wilson & Simpson, as partners and as individuals, we are not informed; what preferences may have been given by the assignment we cannot know. The jury find that the appellees hold all the claims against Wilson &. Simpson, and that these amount to $1093.34, but whether there be claims against Wilson & Simpson individually, secured by the assignment and the amount of such claims, neither the verdict, nor any other part of the record to which we can look, gives any information.

Under the finding no judgment, other than one for the appellant, could have been legally entered, but it is probably true that the case is not fully presented by the record before us, which seems to be defective in many respects, and we deem it more likely to subserve the ends of justice to reverse the judgment and remand the case, that the facts necessary to its proper disposition may be be exhibited than to here enter the only judgment which the special findings would justify, and it is accordingly so ordered.

Reversed and remanded.