JOHNSON v. MOSER ET AL.

1. **Injunction:** OF EXECUTION SALE: DISSOLUTION: DAMAGES. Plaintiff held a judgment against defendant which was a lien upon certain real estate, subject to a prior mortgage. When plaintiff was about to sell the real estate under his judgment, defendant sued out an injunction restraining the sale, on the ground that the property was his homestead; but the injunction suit was afterwards dismissed, and a new execution issued, under which plaintiff bought the property for the full amount of the execution. In the meantime the prior mortgage had been foreclosed, but plaintiff redeemed from such lien, and at the expiration of a year from his sale he obtained a sheriff's deed and took possession. But for the injunction, plaintiff might have bid in the property under the first execution, and thus have obtained possession about seventeen months sooner, and for the value of such possession and for the costs of the first execution he claims to recover in this action. *Held—*

   (1) That he could not recover for being kept out of possession, because it is not certain that he would have bid in the property and obtained a deed under the first execution. He was only kept out of his money, which bore interest until the judgment was satisfied under the second execution.

   (2) That he could not recover the costs made on the first execution, because they should have been included in the second one, and, in the absence of a contrary showing, must be presumed to have been so included, and thus satisfied.

*Appeal from Dubuque District Court*—Hon. J. J. Ney, Judge.

TUESDAY, OCTOBER 18.

ACTION upon an injunction bond. There was a demurrer to the plaintiff's petition, and the same was sustained except as to attorney's fee, and from the order the plaintiff appeals.

*S. P. Adams*, for appellant.

*Fouke & Lyon*, for appellees.

ADAMS, CH. J.—The plaintiff held a general judgment against the defendant F. E. Moser, and the same was a lien upon a certain lot in the city of Dubuque. The plaintiff caused execution to issue, and to be levied upon the lot and improvements thereon, and the same was advertised to be sold subject to a prior mortgage, May 17, 1884. Prior to that time, the defendant Moser brought an action for an injunction to restrain the sale; alleging that the premises levied upon constituted his homestead. Afterwards the injunction suit was dismissed, and the plaintiff then caused another execution to be issued and levied upon the premises, and the same were sold, and bid in by him for the amount of his execution. In the meantime, the prior mortgage had been foreclosed, but this plaintiff redeemed from such lien; and at the expiration of a year from his sale he obtained a sheriff's deed, and took possession. If the premises had been sold under the first levy, and upon the advertised sale, and if they had been bid in by the plaintiff, and not redeemed, he would have been able to obtain possession about seventeen months sooner than he did. He claims that he sustained damages in the amount of the costs made upon the first execution, and also to the amount of the value of the use of the premises between the time when he might have obtained posses-

sion, if his sale had not been enjoined, and the time when he did obtain possession.

As to the costs made upon the first execution, we have to say that it appears to us that they should have been embraced in the second execution, and, in the absence of any averment to the contrary, we think that we may presume that they were. Now, the full amount of that execution appears to have been made. It is true that the plaintiff bid in the property; but we think that we must treat the matter the same as if the amount of the execution had been bid and paid by some one else.

As to the damages alleged to have been sustained by being kept out of the property by the injunction, we have to say that, as no sale was made under the first levy, it is impossible to know what the result of the sale, if made, would have been. It is possible that the property might have been sold to some person other than the plaintiff. The correct view, we think, is that the plaintiff was kept out of his money; but his judgment bore interest, and that was afterwards virtually realized in the second sale.

We see no error in the ruling below, and the judgment must be                                           AFFIRMED.