WOOD & LEE ET AL. V. HENRY HOLLANDER ET AL.

No. 7308.

1. **Injunction Bond—Liability of Sureties.**—The liability of sureties is matter of strict law and can not be extended by implication or intendment. In a suit praying for an injunction and for a receiver, an injunction bond was executed. A receiver was appointed, who also executed bond, took and sold the property in litigation. The injunction was dissolved, and proceeds, less expenses of receivership, were turned over to the defendant in the injunction suit, who was a trustee created by a debtor in a conveyance to secure certain creditors. The trustee brought suit against the plaintiffs in the injunction suit and their sureties, in another county and in which some of the defendants resided, for damages from the sacrifice of the property in the sale thereof by the receiver. *Held,* that the liability of the sureties upon the injunction bond did not extend to damages from the acts or omissions of the receiver.

2.   **Venue.**—Suit for damages upon an injunction bond may be brought in a county in which reside one or more of the defendants, although it be in a county other than that in which the injunction suit was tried.

3.   **Description—Pleading—Specific Items.**—In suit for damages for the wrongful seizure and sale of certain goods which were described as follows: "All of his (Gumport's) stock of wines, whiskies, cigars, fixtures, etc., situated in his saloon; * * * also, all of his wines and whiskies situated in the Thompson warehouse in said town of Clarksville, together with his unexpired State and county liquor license." On exceptions, *held*, the property was evidently capable of a particular specification; and the exceptions for absence of sufficient description should have been sustained.

APPEAL from Grayson.   Tried below before Hon. H. O. HEAD. No statement is necessary.

*Brown & Bliss* and *Sims & Wright*, for appellants. — 1.   The court erred in overruling the third special exception to plaintiffs' petition, because from the allegations of the same it appeared that the bond declared on was not executed in contemplation of the shortcomings of a receiver, and the sureties thereon were not liable for such shortcoming.   Beach on Receivers, sec. 1; Kaiser v. Kellar, 21 Iowa, 95.

2.   The court erred in overruling the special exception to the plaintiffs' petition, because the said petition did not show that the damages claimed arose from the suing out or serving of the writ of injunction, or in what manner said damage did arise, and the sureties on the bond are not liable for the acts of the receiver.

3.   Said petition did not describe the property claimed to have been damaged so as to enable the defendants to controvert the plaintiffs' claim thereto or the value of the same.

*Dudley & Moore*, for appellees. — Plaintiffs' pleadings state a good cause of action, and under the pleadings and evidence plaintiffs were entitled to recover of the defendants the amount for which the judgment was rendered.   Railway v. White, 57 Texas, 129; Friedlander v. Ehrenworth, 58 Texas, 350; Stiles v. Hill, Fontaine & Co., 62 Texas, 429; Woods v. Huffman, 64 Texas, 99; 2 High on Injunc., secs. 1651–1655, 1671, 1677; Banking and Trust Co. v. Parks, 88 Ill., 170.

HENRY, ASSOCIATE JUSTICE. — G. W. Gumport, a retail liquor dealer in Clarksville, Texas, executed a chattel mortgage upon his stock of merchandise, etc., to Henry Hollander, as trustee, to be disposed of for the benefit of the said Hollander and other specified creditors.   Gumport was insolvent.   The mortgage was duly filed, and Hollander took possession under it.

Shortly afterward, Wood & Lee and others, unsecured creditors of Gumport, sued out attachments against him, and also sued out against said Hollander and the officer who levied the writ of attachment, and

all of the creditors who were secured by the chattel mortgage, a writ of injunction restraining them from further managing, controlling, or selling the property embraced in said chattel mortgage, and also prayed for and procured the appointment of a receiver with power to take charge of and sell all of said property.

The petitioners filed an injunction bond in the sum of $2000. A receiver was appointed, who took possession of the property and converted it into money.

Upon a final hearing of that cause the injunction was dissolved and the receiver was allowed to retain out of the proceeds of the property the expenses of his administration of it, and in obedience to the judgment of the court he paid the balance of said proceeds to said Hollander, as trustee as aforesaid. The sum so paid by him was $2181.55. The gross proceeds of the goods sold by him amounted to $3040.30. The suit for an injunction and receiver was prosecuted in the District Court of Red River County. The suit now pending was brought in the District Court of Grayson County, by Hollander, as trustee, for the benefit of himself and the other secured creditors, against Wood & Lee and the other plaintiffs in the injunction suit and their sureties upon the injunction bond, to recover as damages $3068.45, of which amount $2000 was predicated upon the injunction bond.

The petition sets out the foregoing facts and proceedings, and charges that the property conveyed to the trustee and subsequently turned over to and disposed of by the receiver was of the value of $5250. The petition charges, that after the payment to the secured creditors of the money turned over to the trustee by the receiver there remained of said debts an unpaid balance of $4000. The petition concludes by charging, that "by reason of the acts of the defendants in suing out said injunction and having a receiver appointed, and taking said property from the possession of the trustee, and the sale of it by the receiver at a sacrifice and at great cost and expense, plaintiffs have been damaged," etc.

The cause was tried without a jury, and judgment was rendered against the principals in the injunction bond and their sureties for the sum of $1900.

In various forms the assignments of error present the question of the liability of the sureties on the injunction bond for losses resulting from the appointment of the receiver and the sale of the property by him.

The bond sued upon was the one required by the statute before the writ of injunction could issue, and its conditions are strictly such as the law requires. While a receiver and an injunction were jointly prayed for and granted, still they are distinct and separate remedies, and the injunction could have been granted without the appointment of a receiver. "The liability of sureties is matter of strict law, and

can not be extended by implication or intendment." Garrahy v. Green, 32 Texas, 202.

"The liability upon the injunction bond is limited to such damages as arise from the suspension or invasion of vested legal rights by the injunction. Speculative and remote damages are not properly allowable, nor are those which are merely consequential; the limit being such damages as flow directly from the injunction as its immediate consequence. And the only damages which can be recovered are such as arise from the operation of the injunction itself, and not such as are occasioned by the suit independent of the injunction." High on Injunc., sec. 1663; Burgen v. Sherer, 14 B. Monroe, 501.

The receiver was properly required to execute a bond to secure the faithful discharge of his own duties. It is true that his bond may fail to cover the damages done to the defendants by his improper appointment, but if the plaintiffs in the suit can be held responsible for that, it does not follow that it was one of the liabilities embraced in the injunction bond. In a suit upon that bond the plaintiffs should be limited in their pleadings to allegations of damage resulting exclusively from the injunction, and if they have another cause of action resulting either from the levy of the attachments or the appointment of a re-receiver, we do not think that it can be properly joined with an action on the injunction bond.

The fact that the injunction bond was executed and filed in a suit pending in the District Court of Red River County is no reason why this suit could not be properly brought and maintained in the District Court of Grayson County, where some of the defendants reside. We do not think that the court erred in its rulings upon the exception to the jurisdiction nor upon the motion for a continuance. The plaintiffs' pleadings showed that they had knowledge of and had submitted to the writ of injunction. There was no error in overruling the exception of defendants to the pleadings as amended, upon the ground that they failed to allege that the writ of injunction had ever been served upon them.

Plaintiffs' petition sought to recover as damages the value of property taken from the possession of the trustee and wrongfully converted and disposed of, which was described only in general terms, as follows: "All of his (B. W. Gumport's) stock of wines, whiskies, cigars, fixtures, etc., situated in his saloon on the southeast corner of the public square, in Clarksville, Texas; also, all of his wines and whiskies situated in the Thompson warehouse, in said town of Clarksville, together with his unexpired State and county liquor license."

The defendants specially excepted to the petition because it did not sufficiently describe the property, which exception the court overruled. We think it should have been sustained. The property was evidently

capable of a particular specification, and the right of the defendants to be apprised by such a specification of the case that they had been cited to defend was of material value to them.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 22, 1892.

ASSOCIATE JUSTICE GAINES not sitting.

A motion for rehearing was refused.