MINNIE M. APPLETON ET AL. V. J. H. DRAUGHN ET AL.

No. 847.

**Injunction Bond—Summary Judgment Upon—Estoppel.**

D, in an action brought by him to restrain the enforcement of a judgment, gave an injunction bond, and, pending the final hearing, under order of court, executed another or second injunction bond with other sureties. At the final hearing the injunction was dissolved, and a summary judgment for the debt enjoined was entered against the parties to the first bond, but not the second one. Afterwards the judgment plaintiff brought suit upon the second bond for the amount of his debt, and the defendants pleaded the judgment upon the first bond as an estoppel. Held, (1) that since the adoption of the Revised Statutes (1879), the court is not authorized upon the dissolution of an injunction to enter summary judgment against the sureties on the injunction bond; (2) the parties to the second bond were liable for the debt enjoined, and the judgment plaintiff was not estopped by reason of such judgment taken upon the first bond.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*F. M. Henry,* for appellants.

No brief for appellees reached the Reporter.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellants upon an injunction bond to recover the amount of a certain judgment in their favor, upon dissolution of an injunction which had been previously obtained by appellee, J. H. Draughn, and which was dissolved September 30, 1891. Defendant, J. H. Draughn, and the sureties cn the injunction bond, after general answers, plead specially as an estoppel, a judgment rendered in cause No. 3047, entitled J. H. Draughn v. Minnie M. Appleton et al., which was the injunction suit. Plaintiff's supplemental petition alleged the insolvency of all the defendants except Bemis, and the failure to collect the debt. There was a judgment below in favor of defendants, from which this appeal was taken.

It was established that about October 18, 1888, appellants Minnie M. Appleton and T. J. Appleton obtained judgment against J. H. Draughn for $1569.61, with 12 per cent interest, in the District Court of Bowie County. An execution issued on said judgment March 3, 1890, and was enjoined in a certain suit brought by J. H. Draughn in the District Court of Bowie County, entitled J. H. Draughn v. Minnie M. Appleton et al., No. 3074, such injunction being granted upon a bond given by J. H. Draughn, with W. A. Kilsey and F. W. Offenhauser as sureties. During

the pendency of the injunction suit the District Court required Draughn to execute a new injunction bond in lieu of the old one, which he did on April 22, 1890, being the bond sued on in this case, with W. A. Kelsey, J. H. Bemis, and F. W. Offenhauser as sureties.

About September 30, 1891, judgment was entered in the injunction suit dissolving the injunction and adjudging that the appellants here-in, Minnie M. Appleton and others, recover of J. H. Draughn, W. A. Kelsey, and F. W. Offenhauser, as sureties on his injunction bond, the amount of said judgment, interest and costs, with ten per cent damages—such recovery not upon the bond here sued on, but on the old injunction bond originally executed in the case, and no recovery has ever been had or suit brought upon the bond embraced herein, until this suit was brought. Neither the judgment of date September 30, 1891, nor the original judgment, nor any part of them, has ever been paid, and the parties refused to pay anything on either judgment.

Appellees have filed no brief nor made any other appearance in this court. We do not know upon what the court below rendered its judgment, except as shown by appellants' brief, and in the absence of any controversy, we take that as a correct presentation of the case.

The leading question presented for our consideration is this: Are the appellants estopped by the decree of September 30, 1891, dissolving the injunction and rendering judgment against J. H. Draughn and his sureties on his old bond, from prosecuting this suit against J. H. Draughn and the sureties on his injunction bond, which was in force at the time the judgment was rendered?

This bond has never before been under adjudication. No judgment was ever rendered upon it, or suit brought upon it in any manner.

Prior to the adoption of the Revised Statutes, and under the law as it then stood, upon the dissolution of an injunction it was proper for the court to render judgment against the principal and sureties upon the injunction bond for the amount of the debt enjoined, together with damages and costs. But since the adoption of the Revised Statutes such judgment is no longer authorized, and while the parties by proper pleading and proof may have a recovery, in the same suit, against the sureties on the injunction bond, it is clear that they are not estopped by a failure to file a cross-action on the bond in the same suit. Railway v. White, 57 Texas, 129; Fernandez v. Casey, 77 Texas, 452; Avery v. Stewart, 60 Texas, 154; Sharp v. Smith, 62 Texas, 265.

Upon the dissolution of the injunction there was judgment in favor of appellants against J. H. Draughn and the sureties on his original injunction bond, but it is admitted by all parties that there was no judgment and no adjudication upon the injunction bond sued on in this case. In the case of Railway v. White, above, Judge Stayton said: "The judgments rendered under the former statute were statutory judgments, and not judgments rendered by the court under its general equity powers; and when we consider the change made in the statute, we are forced to the conclusion that a judgment cannot now be rendered against the

principal and sureties, nor against the principal alone, for the principal debt enjoined, upon the mere dissolution of an injunction; for there is now no statutory authorization to the courts so to do, and no summary judgment can be rendered on a bond without such authorization. Fall v. Ratloff, 10 Texas, 292. The award of a temporary injunction to stay proceedings to collect a judgment at law does not satisfy or discharge the judgment enjoined, and if it be not made perpetual upon final hearing, the holder of the judgment can proceed to collect the same, and the bond given to obtain the injunction gives to him an additional security for his debt, the enforcement of which, if it becomes necessary, and mode thereof, will be hereafter considered."

In the case of Avery v. Stewart, above, it is held that under the statutory regulations now in force concerning injunctions, the party seeking to enforce the payment of damages to the amount of the bond could bring an original action on the bond. 60 Texas, 155.

The appellees in the bond sued upon have, in accordance with the statute, bound themselves that J. H. Draughn, "the complainant, will abide the decision which may be made therein, and that he will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved in whole or in part."

The judgment not having been satisfied, appellees are responsible upon this bond for the amount of the judgment and damages awarded by the court upon the dissolution of the injunction. McAllister v. Clark, 68 Ill., 236; High on Injunctions, secs. 1645, 1651.

The judgment of the court below is reversed, and judgment will be here rendered in favor of appellants against appellees for the amount of the original judgment, with interest and costs, together with the amount of damages as assessed by the court upon dissolution of the injunction, with interests and costs, and the cost of this suit in this court and in the court below, and a satisfaction of either of said judgments in whole or in part will be a satisfaction protanto of this judgment.

Reversed and rendered for appellants.

*Reversed and rendered.*

Delivered June 19, 1895.