HICKS v. MURPHY et al. (No. 5396.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1915.)

1. JUDGMENT (§ 251*) — WRONGFUL INJUNCTION — DAMAGES — CONFORMITY TO PLEADINGS.

Where, in a suit to restrain a sale of land under a deed of trust, defendants' answer alleged that the suit was brought for purposes of delay, and that the wrongful suing out of a temporary injunction deprived defendants of the money for which the land would have been sold from February 3d to the time of the trial, which was had on April 7th, a judgment awarding interest from February 3d to June 2d was not supported by the answer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

2. INJUNCTION (§ 261*)—WRONGFUL INJUNCTION—DAMAGES.

Where a temporary injunction restraining the sale of land under a deed of trust was sued out for purposes of delay, the mortgagee was not entitled to recover as damages the value of the use of the land while the sale was restrained, as there was no certainty that he would have been the successful bidder at the sale.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 609; Dec. Dig. § 261.*]

3. INJUNCTION (§ 261*)—WRONGFUL INJUNCTION—DAMAGES.

Where a sale of land under a deed of trust was restrained by a temporary injunction sued out for purposes of delay, if the land was of insufficient value to pay the debt, interest upon its value was recoverable as damages from the injunction, but, if the land was sufficient to pay the debt, including interest for the time during which the sale was enjoined, no damages other than the expense of advertising the sale were recoverable.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 609; Dec. Dig. § 261.*]

4. INJUNCTION (§ 261*)—WRONGFUL INJUNCTION—DAMAGES.

Where an injunction restraining a sale of land under a deed of trust is sued out for purposes of delay, the damages other than those assessed by virtue of the statute must be alleged and proved with the same certainty as in any other suit.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 609; Dec. Dig. § 261.*]

Error from District Court, McMullen County.

Action by F. G. Hicks against J. E. Murphy and others. Judgment for defendants, and plaintiff brings error. Affirmed in part and reversed and remanded in part.

See, also, 162 S. W. 925.

McFarland & Lewright, of San Antonio, for plaintiff in error.

MOURSUND, J. On February 2, 1914, plaintiff in error, Hicks, applied to Hon. F. G. Chambliss, judge of the Thirty-Sixth judicial district, for an injunction restraining J. E. Murphy and C. W. Kuykendall from selling, under deed of trust with power of sale, certain land situated in McMullen county, which had been advertised to be sold on February 3, 1914. The temporary injunction was granted without notice to the defend-

ants, and, in fact, the time was too short to give such notice, plaintiff having applied for the injunction on the day before the sale was to take place, but alleged no reason for so long delaying his application. In the order granting the temporary injunction the case was set for hearing and final determination on April 7, 1914. On March 30, 1914, the defendants filed their original answer, which contained a cross-action for damages for procuring the injunction, and, on April 7, 1914, without the issuance and service of process upon the cross-action, the court rendered judgment dissolving the temporary injunction and awarding Murphy a judgment against plaintiff for $303.12 as damages. Hicks has brought the case to this court by writ of error, and filed briefs, but at such time as to require that they be stricken out and the writ of error dismissed upon motion of appellee if no fundamental error had been committed.

Defendant in error's pleading, in so far as it relates to the cross-action, reads as follows:

"The defendants would further show to the court that this suit was brought and is brought by the plaintiff, E. G. Hicks, for the purpose of delaying the said J. E. Murphy from collecting a just and righteous debt against said land, and that, by reason thereof, the said J. E. Murphy has been greatly damaged; that he has been deprived of the use of said land from the 3d day of February, 1914, upon which said sale could and would have taken place but for the suing out of the wrongful writ of injunction, and that the use of said land is worth 50 cents per acre per year to him, and was at that time, and that the same is the reasonable value of said land per year; that, if he be mistaken in reference to his measure of damages, then he says that he has been deprived of the money for which said land would have been sold, and the use thereof and the interest thereupon, from the said 3d day of February, 1914, up to and including the time of this trial, all to his damage in the sum of five hundred dollars ($500.00), for which he prays judgment against the said E. G. Hicks and his bondsmen upon the bond filed herein under an order of this court."

The judgment recites that the maker of the notes is insolvent; that the injunction was sued out for delay; that the collection of the notes was delayed from February 3, 1914, to June 2, 1914, and that the damages are assessed at 8 per cent. upon $11,369.53, the amount due upon the notes on February 3, 1914.

[1-3] The cross-action pleaded does not support the judgment, in that it was therein alleged that Murphy was deprived of the use of the money from February 3, 1914, to the time of the trial, which occurred on April 7, 1914; yet the judgment awarded him interest from February 3 to June 2, 1914. But this is not all. The facts pleaded as a basis for recovering damage do not show any damages with sufficient certainty to authorize a judgment. Defendant cannot recover for the use of the land, because it is not certain that he would have been the successful bidder at

the sale. Nor can he recover interest upon the amount due upon the date the sale was to take place, because it is uncertain what amount the land would have brought. Johnson v. Moser, 72 Iowa, 654, 34 N. W. 459; Bullard v. Harkness, 83 Iowa, 373, 49 N. W. 855. In the last-cited case the value of the land was alleged; yet the court refused to allow interest upon such amount as damages, although it appeared that the debtor was insolvent and the mortgaged property insufficient to pay the debt. We think that, where it is alleged and proven that the land is of insufficient value to pay the debt, recovery of interest should be allowed upon the value of the land, but, if the land is sufficient to pay the debt, including interest for the time during which a sale is enjoined, it is difficult to show that any damage occurred. In fact, no actual injury would be sustained other than the expense of advertising the sale, which has not been pleaded in this case.

[4] The damages other than those assessed by virtue of the statute must be alleged and proven with the same certainty as in any other suit. Pipher v. Bissonet, 36 S. W. 770; Texas & N. O. Ry. v. White, 57 Tex. 129; Appleton v. Draughn, 11 Tex. Civ. App. 89, 32 S. W. 46. The pleadings of defendant do not support his judgment.

The judgment, so far as it dismisses plaintiff's suit and dissolves the injunction, is affirmed, but the judgment in favor of defendant upon his cross-action is reversed, and the cause remanded for a new trial.