ABLES v. WAGGONER.   (No. 8115.)

(Court of Civil Appeals of Texas. Dallas. Feb. 1, 1919.)

1. INJUNCTION ⬥241—BOND—PLEADING AND PROOF—MISNOMER OF OBLIGEE.

Without pleading and proof of mistake in injunction bond in favor of defendant B. E. W., *held* that judgment against surety on cross-complaint of defendant D. E. W. was unauthorized, despite statutory requirement that bond be payable to adverse party.

2. INJUNCTION ⬥235 — INJUNCTION BOND — MISNOMER OF OBLIGEE.

It is not contemplated that mistake in making injunction bond to B. E. W. instead of D. E. W., the real name of defendant, shall relieve surety of liability, but the obligee may plead and prove mistake and show true intention of parties.

3. INJUNCTION ⬥241 — INJUNCTION BOND — JUDGMENT AGAINST SURETY—EVIDENCE.

Judgment, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4667, on cross-complaint against

surety on bond to procure injunction against disposition of notes assigned to defendant by seller of automatic piano to plaintiffs, being for amount of principal, interest, and attorney's fees of notes, *held* without support in evidence.

Error from Dallas County Court; T. A. Work, Judge.

Suit by J. A. Johnson and Will Henderson against the Automatic Music Manufacturing Company, plaintiffs impleading D. E. Waggoner, and executing bond, with A. O. Sage and A. H. Ables as sureties, to procure issuance of writ of injunction, Waggoner bringing cross-action, praying judgment against plaintiffs and the sureties on the injunction bond. To review judgment for defendant, Waggoner, against plaintiffs and the sureties, one of the latter, A. H. Ables, brings error. Reversed and remanded.

Bumpass & Crumbaugh, of Terrell, for plaintiff in error.

W. T. Henderson and Davis, Johnson, Golden & Handley, all of Dallas, for defendant in error.

RASBURY, J. J. A. Johnson and Will Henderson sued the Automatic Music Manufacturing Company in the county court of Kaufman county to cancel certain negotiable promissory notes executed in part payment of a piano. Subsequently Johnson and Henderson impleaded D. E. Waggoner in the suit, alleging, in substance, that he was asserting ownership of the notes by purchase from the Automatic Music Manufacturing Company, and that if the notes had been transferred to Waggoner he acquired same with notice that the consideration for which they were given had failed, and in furtherance of a conspiracy to defraud Johnson and Henderson, including other matters not necessary to detail. Prayer was that Waggoner be cited to appear and answer, and that pending hearing mandatory injunction issue, requiring Waggoner to bring into court the notes held by him, and that he be restrained from in any manner disposing of, hypothecating, or transferring the notes pending trial, and that on trial they be canceled. By order of the trial judge the clerk of the county court was directed to issue the writ in terms of the order indorsed on the petition whenever Johnson and Henderson had executed a bond in the sum of $1,300, payable to D. E. Waggoner. A bond in said sum, signed by plaintiffs and by A. O. Sage and A. H. Ables, as sureties, conditioned as required by law and payable to B. E. Waggoner, was tendered to and approved by the clerk and filed in the proceeding. Under authority of said bond the statutory writ of injunction was issued, directed to B. E. Waggoner, commanding him "not to sell,

transfer, convey or in any manner change the present status of said notes during the pendency of this suit until" the further order of said county court. The writ was served by the sheriff of Dallas county upon D. E. Waggoner. The case, it inferentially appears, was transferred from the county court of Kaufman county to the county court of Dallas county, at law. In the latter court Waggoner filed amended pleading, denying the facts alleged by Johnson and Henderson, and by cross-action alleged that he was the owner of nine of the notes sought to be canceled, which he acquired before maturity for value and without notice of any defenses thereto, and that due to the fact that he had been restrained from proceeding to collect same, though past due, and foreclose the lien on the piano given in security therefor, which would probably have sold for sufficient to satisfy said notes, said security had deteriorated to such extent that he would be unable to satisfy said debt by the sale of said security, and that the said Johnson and Henderson were insolvent, and had not in the state of Texas property subject to execution sufficient to satisfy said debt. Prayer was for judgment against Johnson and Henderson and the sureties on their injunction bond for his damages and debt, interest, and attorney's fees, and the statutory penalty of 10 per cent. and for foreclosure of the chattel mortgage lien upon said piano. At the succeeding term of the court and on appearance day, Johnson and Henderson failing to appear, Waggoner was awarded judgment by default, but the damages were not assessed until the case was called in its regular order, at which time evidence was introduced and final judgment awarded Waggoner against Johnson and Henderson and the sureties on the injunction bond, A. O. Sage and A. H. Ables, for $618, being the principal, interest, and attorney's fees upon the notes held by Waggoner, for $44.51, statutory damages, for foreclosure of the chattel mortgage lien and dissolution of the writ of injunction. The evidence introduced at the hearing consisted of the injunction bond, the writ issued thereon with the sheriff's return, the notes and chattel mortgage, together with proof by Waggoner that he purchased the notes from the Automatic Music Manufacturing Company for value before maturity, and that they were all past due and unpaid. From the judgment recited A. H. Ables, one of the sureties on the injunction bond, has brought the case to this court by writ of error for revision, and has assigned error in that respect.

[1, 2] The first contention, in effect, is that the court erred in rendering judgment against Ables for the reason that the pleading and proof will not sustain it, in that the bond signed by Ables is in favor of B. E. Waggoner, while the judgment is in favor

of D. E. Waggoner. The contention is, in our opinion, sound. The bond signed by Ables obligated him to pay to B. E. Waggoner all sums of money and costs that might be adjudged against him as surety. The undertaking was not to pay any sum to D. E. Waggoner. It is obvious, of course, that the intention was to make the bond to D. E. Waggoner, and that by mistake it was made payable to B. E. Waggoner. And in such cases it is not contemplated that such mistake shall relieve the surety of liability, since the obligee may in his suit against the obligor plead and prove the mistake and show the intention of the parties. Collins v. Chastain, 36 S. W. 503. In that case the surety obligated himself to pay the debt of M. B. Collins. Judgment was rendered against him for the debt of G. H. Collins. The judgment was reversed, the court declaring "there was neither allegation nor proof to the effect that the name of M. B. Collins had been inserted in the bond * * * by mistake." Nor was any "attempt made to reform the bond." So in the present case there was no allegation, and as a consequence no proof, that the bond was intended for the benefit of D. E. Waggoner, but by mistake was made to B. E. Waggoner. Counsel argue, however, that since the statute requires the bond to be payable to the adverse party the only matter with which we should seriously concern ourselves is whether or not D. E. Waggoner is the adverse party, and it appearing without controversy from the record that he is, the mistake becomes immaterial. The statute does require the bond to be payable to the adverse party, and D. E. Waggoner we concede is the adverse party. The difficulty lies in the fact that the statutory requirement was not complied with by making the bond payable to such adverse party. To hold that one obligated to B. E. Waggoner is bound to D. E. Waggoner, in the absence of pleading and proof of mistake in the execution of the obligation, is, in our opinion, in violation of the fundamental rule in such matters, since until there is pleading and proof it is not established that there was a mistake, and unless there was a mistake, a judgment other than according to the terms of the obligation is unauthorized.

[3] It is also contended, in effect, that the court erred in rendering judgment against Ables, one of the sureties on the injunction bond, for the amount of the principal, interest, and attorney's fees of the notes, for the reason that such judgment was without support in the evidence. This contention must also be sustained. Article 4667, Vernon's Sayles' Civ. Stats., in substance provides that in case injunction restraining the collection of money is dissolved the court may, if satisfied the writ was obtained for delay, award as damages 10 per cent. of the amount of funds released by the order of dis-

solution. The injured party, however, is not precluded by the provisions of the statute from recovering further damages against the sureties on the bond, but is not entitled, as a matter of course, to recover from the sureties on the bond the amount of his debt against the principal merely upon proof thereof. The measures of damages in such cases is ordinarily the statutory penalty unless, by pleading and proof, it is made to appear that other damages proximately resulting from the issuance of the writ have been occasioned. T. & N. O. Ry. Co. v. White, 57 Tex. 129; Fernandez v. Casey, 77 Tex. 452, 14 S. W. 149; Wood v. Hollander, 84 Tex. 394, 19 S. W. 551; Patterson v. English, 142 S. W. 18; Hicks v. Murphy, 172 S. W. 1135. Counsel for Waggoner, recognizing the rule just stated, pleaded that Johnson and Henderson were insolvent, and that, due to the delay brought about by the injunction, the security for the payment of said note had deteriorated in value, and he would be unable to realize his debt therefrom. An inspection of the evidence fails to disclose, however, any proof whatever in support of such allegation. No proof was offered concerning the probable value of the security at the time the injunction was issued and its probable value at the time the injunction was dissolved and foreclosure of the lien was had. No proof was made that due to the delay occasioned by the issuance of the writ the original defendants, Johnson and Henderson, were any less solvent or less able to pay the notes; in truth no single fact or circumstance was adduced which would authorize a judgment against Ables for more than the statutory penalty. The evidence being so, it is our duty to reverse and remand the case for another trial consistent with the views herein expressed; and it is so ordered.

Reversed and remanded.