KNIGHT v. LEWIS.   (No. 9566.)

(Court of Civil Appeals of Texas.   Dallas.
March 13, 1926.   Rehearing Denied
April 10, 1926.)

**1. Landlord and tenant ⬙285(5).**

Question of whether landlord orally agreed to renew existing lease to store building *held* for jury, evidence being conflicting.

**2. Appeal and error ⬙1002.**

Finding of jury on conflicting testimony is conclusive and binding on Court of Civil Appeals.

**3. Trial ⬙215—General charges on different phases of special issue not definitional or explanatory of such issue, held properly refused, where case was submitted on special issues.**

General charges on different phases of special issue, which was submitted, not in form of definition of terms or explanatory of such issue, *held* properly refused, where case was submitted on special issues.

**4. Trial ⬙350(2).**

Refusal to give special issues on matters merely evidentiary to matter submitted by a special issue *held* proper.

**5. Landlord and tenant ⬙286—Award to tenant of damages for removal from possession, in addition to damages for injury to fixtures and merchandise, held not allowance of double recovery, where damages for removal were shown to have been awarded because of lost profits.**

Award to tenant, removed from possession, of damages resulting from removal, in addition to damages for injury to fixtures and for merchandise rendered worthless, *held* not allowance of double recovery, in view of explanatory charge showing that award of damages for removal was responsive to tenant's pleading of lost profit, and fact that, under tenant's evidence, much larger damages could have been awarded.

**6. Pleading ⬙18—Overruling exception to allegation of tenant that "entire stock of confections, candies, tobacco," and other perishable wares was damaged when removed by landlord, as being too indefinite, held error.**

In action by tenant against landlord for damages from removal from possession, overruling special exception to tenant's allegation that "entire stock of confections, candies, tobacco," and other perishable wares was damaged, as being too indefinite, *held* error.

**7. Pleading ⬙419—Special exception contained in supplemental petition, directed against first amended original answer, held not waived, though defendant went to trial on second amended original answer.**

Special exception contained in supplemental petition, directed against first amended original answer, *held* not waived where overruled after defendant filed second amended original answer on which he went to trial, though no new pleading containing such exception was filed against second amended original answer.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by John Knight against J. Q. Lewis. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Clark & Clark, of Greenville, for appellant.
Porter & Porter, of Greenville, for appellee.

JONES, C. J.   Appellant, John Knight, brought this suit in the district court of Hunt county for the purpose of recovering possession from appellee of a business house located in the city of Commerce, Hunt county, Tex., and owned by him. The suit was filed on the 4th day of September, 1923, and on said day appellant applied for and procured a writ of sequestration. This writ was placed in the hands of the constable of the justice precinct in which the house was located, and, upon appellee's refusing the constable's demand for possession, such officer executed said writ of sequestration by removing from said building the stock of confectionaries and fixtures belonging to appellee and storing them in a building, belonging to Dr. De Jernett, rented for that purpose.

Appellee filed an answer to the said suit, and also filed a cross-action against appellant, in which it was alleged that he had possession of said business house under a written lease, executed by appellant, which expired on the 1st day of September, 1923; that prior to the time said lease expired, and on the 10th day of April, 1923, appellant and appellee orally contracted for a renewal of said lease for the year beginning the 1st day of September, 1923, and ending the 31st day of August, 1924; that by virtue of said lease he was entitled to the building for the said year, and the writ of sequestration was wrongfully and illegally sued out; that by reason of the wrongful act of appellant in causing said writ to be served upon him, and the removal of his said stock from said building, he had suffered damages to his fixtures in an amount named—damages in an amount named for the destruction of his stock of goods occasioned by reason of same being stored in a building entirely unsuitable for the preservation and protection of such merchandise, damages for the loss of profits during the time he was compelled to be out of business, which was alleged to have been about four weeks, and for loss of profits arising by reason of diminished sales in his business because of being compelled to rent a building inferior as a place of business to appellant's said house.

Appellant answered said cross-action by general demurrer, special exceptions, general denial, and special plea. The exceptions were overruled, and the case was tried before a jury on the issues joined by the pleadings, with the result that a judgment was entered

in favor of appellee as to his right to the occupancy of the building for the rental year from September 1, 1923, to August 31, 1924, and in favor of appellee on his cross-action for different items of damages, aggregating the sum of $800. From this judgment an appeal is duly perfected.

The case was submitted to the jury on special issues, and these issues were all decided in favor of appellee. The matters herein discussed have been presented to this court by appropriate assignments of error and propositions of law. The nature of the assignments will appear from the discussion herein.

Appellant contends that the evidence was not sufficient to warrant the submission of a rental contract with appellee for the year beginning September 1, 1923, and that the finding of the jury that such contract was made is not supported by the evidence. This is presented by assignment of error based on the court's refusal of appellant's requested peremptory instruction on this issue, by assignment of error based on the overruling of appellant's objection to the submission of this issue, and by assignment of error based on the court's overruling of appellant's motion to set aside the findings of the jury on the ground that the finding on this issue is unsupported by evidence.

[1, 2] We are unable to agree to the contention made by these assignments. The testimony of appellee and his wife, in our opinion, raises the issue of the renewal of the lease contract for the year in controversy. Appellee's testimony is to the effect that on the 10th day of April he discussed with appellant the matter of a renewal of this lease, and asked appellant if he would renew the lease for another year, to which inquiry appellant replied that he would renew the lease for such time or for a longer period. The testimony of appellee's wife is to the same effect. From this the conclusion could be drawn that the minds of the parties met on the renewal of the existing lease contract.

The testimony of appellant himself is clear and explicit to the effect that he never promised appellee a renewal of the lease for said year. This conflict in the testimony was for the jury, and, they having adopted appellee's version of what occurred at said time, their finding is conclusive and binding on this court. We overrule appellant's assignments of error in respect to this issue.

[3, 4] In connection with special issue No. 1, appellant specially requested a number of general charges on different phases of the issue submitted. None of the charges were in the form of a definition of terms, or in such form that any one of them could be considered as explanatory of the issue submitted. As the case was submitted to the jury on special issues, there was no error in refusing these charges, nor do we think there was error in the court's refusal to give appellant's

requested special issues on matters that were merely evidentiary to the matter submitted by special issue No. 1. The assignments of error in respect to these matters are overruled.

[5] In response to special issues Nos. 3 and 4, the jury found that a portion of defendant's fixtures were damaged in the sum of $100 in being moved from appellant's building to the De Jernett building. In response to special issues Nos. 5 and 6, the jury found that appellee suffered damages in the sum of $300 as the value of merchandise rendered worthless while in the De Jernett building, as the direct result of the floor being damp and the floor and walls being impregnated with acids and other chemicals. In response to special issue No. 13, the jury found that appellee had sustained damages in the sum of $400 as the direct result of the building in controversy being taken from his possession.

It is contended that the damages submitted to the jury by special issue No. 13 is but a repetition of the damages submitted by the other special issues above mentioned, and that in rendering judgment for $800 the court allowed a double recovery. While it is not clear, when the language in which that issue is framed is alone looked to, that special issue No. 13 is responsive only to appellee's pleading of lost profits, this fact is made reasonably clear when this issue is considered in the light of the explanatory charge given in connection with said special issue No. 13, in which the measure of damages for lost profits applicable to the pleading and evidence is given to the jury by the court to guide them in making their finding on this issue. While special issue No. 13 should have been framed in a way that would clearly have excluded the issue of damages covered by the submission of other special issues without the necessity of looking to the explanatory charge, still we are of the opinion that the jury was not misled and that the court did not allow a double recovery by the judgment entered. The judgment for lost profits could have been returned, under appellee's evidence, in a much larger sum; likewise the damages for destruction of goods and for the breaking of certain fixtures could have been returned under appellee's evidence in a larger sum. The objections made by appellant to special issue No. 13 did not suggest to the court the fact that such issue was so framed as that it might cause the jury to give double damages, and, as the charge submitting this issue is fairly susceptible to the construction given it by the trial court, the assignments of error with respect to this issue are overruled.

[6] Appellee, by his cross-action, sought to recover as damages the value of his stock of merchandise stored in the De Jernett building and destroyed by reason of such building being entirely unsuitable for the

storing of such merchandise. This stock of merchandise is described only in general terms in appellee's pleading, the description being as follows: "The entire stock of confections, candies, tobacco, cigars, cigarettes, and other perishable wares and merchandise was damaged and destroyed, to the defendant's damage in the sum of $1,100." To this allegation appellant directed a special exception, on the ground that such allegations "are too indefinite, uncertain, and are mere conclusions of the pleader, and do not give information sufficient to enable the plaintiff to reply thereto, and fail to show the quality or amount of any items alleged to have been damaged or destroyed, in what way they were damaged, where they were damaged, and the amount of damage to any item pleaded. The gross sum alleged being a mere conclusion of the pleader." This exception was duly presented to the trial court and overruled, and this ruling is assigned as error. Objection to the evidence offered by appellee to sustain this allegation of damage to his stock of merchandise was also made on the same ground, and exception made to the adverse ruling of the court.

We are of the opinion that this assignment of error must be sustained. The property was evidently capable of a particular specification, and the right of the appellant to be apprised by such a specification of the damages alleged against him was of material value. In the case of Wood & Lee v. Hollander, 19 S. W. 551, 552, 84 Tex. 394-397, the Supreme Court held the trial court committed reversible error because of the overruling of a similar exception directed against a similar pleading, as will appear from the following quotation from said case:

"Plaintiffs' petition sought to recover as damages the value of property taken from the possession of the trustee and wrongfully converted and disposed of, which was described only in general terms, as follows: 'All of his (B. W. Gumport's) stock of wines, whiskies, cigars, fixtures, etc., situated in his saloon on the southeast corner of the public square, in Clarksville, Tex.; also, all of his wines and whiskies situated in the Thompson warehouse, in said town of Clarksville, together with his unexpired state and county liquor license.'

"The defendants specially excepted to the petition because it did not sufficiently describe the property, which exception the court overruled. We think it should have been sustained. The property was evidently capable of a particular specification, and the right of the defendants to be apprised by such a specification of the case that they had been cited to defend was of material value to them."

[7] The only answer appellee makes to this assignment of error is that the special exception was contained in a supplemental petition, which was by its terms directed against appellee's first amended original answer; that, after the filing of said supplemental petition, appellee filed and went to trial on his second amended original answer, against which no new pleading containing such exception was filed; and that appellant thereby waived such exception. We cannot agree to this contention. The record shows that this exception was overruled after the filing of said second amended original answer, and must have been presented against the pleading of appellant then in existence and not against a pleading that had been superseded. This assignment is sustained.

We have examined all other assignments of error and overrule same, for the reason that, in our opinion, they do not present reversible error.

For the error above pointed out, it is the opinion of the court that this case should be reversed and remanded.

Reversed and remanded.