Carroll County v. The Iowa Railroad Land Co.

CARROLL COUNTY v. THE IOWA RAILROAD LAND CO. ET AL.

1. **Injunction:** RECOVERY ON BOND: ATTORNEY'S FEES. Where a petition asked that certain taxes upon the lands of plaintiff be declared illegal and void and to constitute no lien upon the lands, and that an injunction issue restraining their collection, it was held that the injunction was only auxiliary to the other relief asked, and, no motion having been made to dissolve the injunction granted, which was dissolved only upon the final hearing, that the amount expended by the defendant for attorney's fees in defending the action could not be recovered in an action on the injunction bond.

*Appeal from Linn Circuit Court.*

FRIDAY, JUNE 11.

THIS action is brought to recover damages for the alleged wrongful suing out of an injunction in an action brought by the *C. R. & M. R. R. Co. and the I. R. L. Co. v. Carroll County*, reported in 41st Iowa, page 153. The plaintiff sues upon the injunction bond, and claims as damages the fees paid attorneys in defending the injunction proceeding. The cause was tried by the court, and judgment was rendered for the defendant. The plaintiff appeals.

*Holmes & Reynolds*, for the appellant.

*E. S. Bailey*, for the appellee.

DAY, J.—The petition in the injunction proceeding alleges that the taxes in question are utterly void, and prays that all

1. INJUNC- officers of the county be restrained by injunction
TION : recov-
ery on bond : from selling the lands of petitioner, that upon
attorney's
fees. final hearing the injunction be made perpetual,

and the taxes be declared illegal and void, and to constitute no lien upon said lands. The answer asked that the injunction be dissolved, but no efforts to that end were made, and the injunction was not dissolved until the final hearing. It is claimed by the appellant that the injunction was the sole relief sought in the original cause, and that, therefore, attorney's fees may be recovered in an action upon the bond, notwithstanding the fact that no effort was made to procure a dissolution of the injunction until the final hearing. The appellee, upon the other hand, insists that the injunction was merely auxiliary, and that, as it was dissolved upon the final hearing, attorney's fees are not recoverable upon the injunction bond. We think, from an examination of the petition, that the injunction was merely auxiliary. The petition alleges that the taxes are void, and prays that they may be declared illegal and void, and to constitute no lien upon the lands. This relief might have been granted without the procuring of an injunction. It cannot, then, be said that the only purpose of the proceeding was to obtain an injunction to restrain the plaintiff in this action from selling the defendant's lands. The real purpose of the proceeding was to obtain a decree declaring the taxes in question illegal and void, and no lien upon the defendant's lands. As auxiliary to this, and to render such decree more effectual, an injunction was asked. It follows that, under the doctrine of *Langworthy v. McKelvey*, 25 Iowa, 48, attorney's fees are not recoverable in an action upon the bond.

The judgment is

AFFIRMED.