REECE v. NORTHWAY ET AL.

1. **Injunction:** ACTION ON BOND: ATTORNEY'S FEES. In the absence of evidence, in an action upon an injunction bond, showing that an injunction was not the only relief sought, it appearing that the dissolution was procured only upon the final hearing, this court cannot say that the admission of evidence as to the amount of attorney's fees paid in the entire action was error.

2. ————: DAMAGES: JUDGMENT NOT SUSTAINED. Where it appears, from the judgment rendered in an action upon an injunction bond, that some amount has been allowed by reason of the plaintiff having been prevented by the injunction suit from selling certain real estate, and there was no evidence showing loss or damages therefrom, the judgment is not sustained by the evidence and will be reversed.

*Appeal from Greene Circuit Court.*

FRIDAY, APRIL 21.

ACTION upon an injunction bond. There was a trial without a jury, and judgment was rendered for the plaintiff. The defendants appeal.

*Russell & Toliver*, for appellants.

*C. H. Jackson*, for appellee.

ADAMS, J.—The condition of the pleadings and the evidence, and the manner in which the case is presented, leave us in great doubt as to what the actual rights of the parties are. The plaintiff claims $100 as damages for attorney's fees for procuring a dissolution of the injunction, but the petition contains no averment that the services were reasonably worth that amount. He also claims $100 for loss of time and for his trouble, and for money expended other than for attorney's fees, but the petition contains no averment as to the value of his time or as to the amount of money expended. He also claims $1,500 as damages sustained "in loss of the land and privileges and op-

portunity to sell said land, set out in said writ, and the depreciation of the value thereof;" but it is not averred in the petition that the plaintiff was enjoined from selling any land. The petition shows that the petition for an injunction prayed that the defendant in that action, the present plaintiff, be enjoined from disposing of any property in his hands belonging to one William B. Allinson, but the petition contains no description of the property. Possibly the petition for an injunction did, but no copy is set out, and we are not permitted to know what it contained. The abstract contains what purports to be a copy of a writ of injunction, and that contains a description of certain land. We conjecture that this is a copy of the writ of injunction in question, but it is not so stated. The petition refers to some writ of injunction and states that it is "made a part hereof by reference and duly filed in said court and cause," but it does not state that a copy is attached to the petition, and no copy appears to have been attached. The petition contains no averment that the plaintiff owned the land described in the writ, or had any interest in it, or had any right to sell it, or that the service of the writ interfered with any right which he could properly exercise. The petition contains no averment that the plaintiff lost the land or any privileges therein, or any opportunity to sell the land, or that it depreciated in value. When we come to the evidence we find that almost equally indefinite and unsatisfactory. The plaintiff was examined as a witness, but he did not testify that he owned the land or had any interest in it. What he said was in these words: "I had at that time fifty acres of land in my control in the State of Illinois; it was a fifty-acre farm; I held that land for sale at that time." The abstract shows a report of a referee introduced in evidence, which appears to have been filed in an action in which the plaintiff was garnished as a debtor of Allinson. The report contains certain findings of fact. These findings, we infer, the plaintiff regards as evidence of the facts. But we see no evidence that the report was confirmed. The most that we can

discover is that on the strength of the report the garnishee was discharged. Now this report shows that the plaintiff was not only not indebted to Allinson, but that Allinson owed the plaintiff about $895.00. The report further shows that the plaintiff sold certain personal property belonging to Allinson and took therefor certain land, but what land does not appear. The referee describes the land as being the land described in the petition, but the petition in that action was not introduced in evidence. We conjecture that the land referred to is the fifty acres in Illinois, of which he testified that he had the control, and which the parties assume that he was enjoined from selling.

The land referred to by the referee the report shows that plaintiff took the title of in himself, and to indemnify himself, but that he did not take the title by agreement with Allinson, nor by Allinson's consent. If we could take the unconfirmed findings of the referee in the proceedings in garnishment as evidence in this case, and could adopt the inferences which might be made from the arguments of counsel, we should say that the plaintiff at the time the writ of injunction was served was holding the Illinois land under claim to the same as security for about $895 due him from Allinson, and perhaps, also, for certain liabilities incurred by him for Allinson, but which plaintiff had not discharged. We should say, also, that this was the land which he was enjoined from selling. The evidence shows clearly enough that the injunction, whatever it was, was dissolved, but only upon final hearing. The court allowed evidence, against the objections of the defendant, of the amount paid for legal services preformed in the entire case. The defendant contends that the court erred in so doing. It is not objected that there was no averment in the petition as to the reasonable value of the services, but only that attorney's fees are not allowable for services preformed generally, in defending, in an action for injunction. It was held in *Langworthy v. McKelvey*, 25 Iowa, 48, that attorney's

fees for such services are not allowable unless the injunction is the only relief sought. What relief was sought in the petition for the injunction, out of which the claim in suit has arisen, we cannot say, because the petition has not been shown to us. It was not expressly held in *Langworthy v. McKelvey*, that attorney's fees would be allowable for defending in the entire action where an injunction was the only relief sought, and dissolution was procured only upon final hearing, but such we think is the correct rule. In the absence then of evidence showing that an injunction was not the only relief sought we cannot say that the court erred.

The court allowed evidence against the defendant's objection of depreciation in value of the real estate. The defendant contends that the court erred in so doing.

It has been held that in an action upon an injunction bond damages are not recoverable for loss of sale unless it is made to appear that there was a *bona fide* application on the part of some person to buy, and that the sale was lost by reason of the injunction. *Sturgess v. Hart*, 45 Illinois, 103. Where real estate depreciates in value there is no presumption that the owner, if not prevented by injunction, would have sold before depreciation, and saved himself from loss. But the plaintiff does not appear to have been the owner. It does not clearly appear from the evidence what interest he had in it. If he held it as security for a debt already due, as we infer that his claim is, possibly it should be presumed that he would have proceeded to enforce his security, and if it was insufficient to pay the debt, possibly he should be allowed for the depreciation. But we are not required to determine this question. The evidence shows that the plaintiff has sold the land, but does not show the amount for which he sold it. This objection is made by the appellant, and we think it is well taken. It may be that he sold it for enough to protect himself fully. It is true that he says that the indebtedness due him from Allinson is still unpaid, but

2. ——: damages: judgment not sustained.

it would not necessarily appear from that, that the proceeds of the land were not sufficient to pay him if they had been applied.

The amount allowed the plaintiff as damages shows that something must have been allowed by reason of being prevented from selling the real estate. The defendant claims that the judgment is not supported by the evidence. As the evidence does not show that plaintiff sustained any damage in that respect the judgment must be

REVERSED.