## THOMAS v. McDANELD *et al.*

**Injunction:** ATTORNEY'S FEES FOR DEFENDING : RECOVERY IN ACTION ON BOND. Expenses necessarily incurred for attorney's fees in defending against an injunction wrongfully sued out may be recovered in an action on the injunction bond, but such damage does not include expenses in defending against other features in the case in which the injunction was issued. And although, as in this case, the prayer is for an injunction, "and such other and further relief as petitioner is entitled to," yet if the allegations of the petition do not entitle the plaintiff to any other relief than injunction, and the injunction is dissolved on final hearing, the injunction defendant may recover his attorney's fees in an action on the injunction bond. (Compare *Langworthy v. McKelvey*, 25 Iowa, 49, and *Carroll County v. Railroad Land Co.*, 53 Iowa, 685; also *Lansley v. Nietert, post*, p. ——.)

| 77 | 299 |
|----|----|
| 78 | 759 |

| 77 | 299 |
|----|----|
| 83 | 375 |

| 77 | 299 |
|----|----|
| 85 | 557 |

| 77 | 299 |
|----|----|
| 101 | 484 |

| 77 | 299 |
|----|----|
| 132 | 18 |

| 77 | 299 |
|----|----|
| 143 | 511 |

*Appeal from Cedar Rapids Superior Court.*—Hon. John T. Stoneman, Judge.

Filed, May 10, 1889.

Action upon an injunction bond. There was a trial to a jury, and on motion of defendant the court directed a verdict for the defendant, to which plaintiff excepted. Plaintiff appeals.

The court makes the following finding of facts: That September 17, 1888, Hannah O. McDaneld brought her action in equity against George W. Burnside, sheriff of Linn county, and John Thomas, in which she stated that she was the unqualified owner of certain real estate described, including lot 3, in block 4, Marion, Iowa; that Burnside, as sheriff, had levied upon, advertised, and was proceeding to sell said real estate, unless restrained, upon an execution on a judgment in favor of John Thomas and against T. J. McDaneld; that, if sold, it would cast a cloud and pretended lien upon the premises; that she had no other speedy or adequate remedy at law, and therefore asked "that a temporary writ of injunction be granted to enjoin the sheriff from selling said premises, and, on the hearing of said case, that the injunction be made perpetual, and for such other and further relief as petitioner is entitled to;" that a temporary writ was ordered upon the filing of the bond; that said Hannah O. McDaneld, with J. H. Hoagland as surety, executed the bond sued upon, which is conditioned that Hannah O. McDaneld will pay all damages which may be adjudged against her by reason of said injunction; that the defendants in said case answered said petition, averring that the land described, at the time it was levied upon, was in fact the land of T. J. McDaneld; that previous to said levy said lands had been conveyed by T. J. McDaneld to Hannah O. McDaneld, without any consideration whatever, and with intent to hinder and defraud the creditors of T. J. McDaneld; that T. J. McDaneld was then

indebted to John Thomas to the amount of the judgment, upon which an execution was issued, and that said judgment was a lien upon said lands; that afterwards the defendants filed an amended and substituted answer, in which they deny that the plaintiff was the full and unqualified owner of the property described in the petition, and averred that said lot 3 is and was, at the time of the levy, the property of T. J. McDaneld; that at the March term, 1888, a decree was rendered and entered in said case wherein the court did "order and adjudge and decree that the equity of said case is with the defendants upon their said amended and substituted answer, and that said lot 3, in block 4, in Marion, Iowa, was the property of T. J. McDaneld at and prior to the levy of the execution against said T. J. McDaneld, referred to in the plaintiff's petition, and liable to be sold upon said execution as the property of said T. J. McDaneld; and the court doth order and adjudge and decree, that so far as the writ of injunction restrained defendant from advertising and selling said lot 3, block 4, Marion, Iowa, the same be released and dissolved, and said petition thereto be dissolved as to the said lot 3, block 4, Marion, Iowa, and that plaintiff pay costs."

The court further certifies that the plaintiff, John Thomas, brought this action on said bond to recover one hundred dollars damages for the wrongful suing out of said writ, and restraining the sale under said execution, alleging that by reason thereof he was put to great trouble and expense in defending against same, and that, in order to procure a dissolution of said injunction, he was compelled to and did employ an attorney to defend the suit, and became obligated and liable to pay therefor the sum of one hundred dollars; that issue was joined upon said petition and the parties proceeded to trial, the defendants claiming that said injunction was auxiliary to the main issue—the title—in the former case, and that no motion was made to dissolve the same, but that the same was dissolved upon the final hearing upon the merits; that it appeared on

the trial that Henry Rickel was employed by John Thomas, and appeared as his attorney, and defended said equity case, and that his services were reasonably worth seventy-five dollars.

The following question is certified to this court for decision: "On such state of facts as appear by the foregoing, did the court err in directing the verdict of the jury for the defendants?"

*Rickel & Crocker*, for appellant.

*Davis & Voris*, for appellees.

GIVEN, C. J.—I. It will be observed that the only damage claimed is for expenses incurred for attorney's fees, and that the only service rendered by the attorney was in answering the petition in equity, and in defending the case on the final hearing. It is well established by repeated decisions of this court that expenses necessarily incurred for attorney's fees in defending against an injunction may be recovered in an action on the injunction bond. Such damage, however, does not include expenses in defending against other features of the case in which the injunction was issued. In *Langworthy v. McKelvey*, 25 Iowa, 49, the court says: "If a case should arise where the injunction was dissolved after a hearing on the merits, and this was the only relief sought, and all there was in the case, we are not to be understood as holding that counsel fees might not be recovered. In other words, we do not hold that such recovery is to be confined alone to cases where the injunction is dissolved on motion."

The sole question before us is whether the services rendered in answering the petition and defending on the trial were services in defending against the injunction. This depends upon whether the case was an independent proceeding for injunction alone, or whether the injunction was a mere auxiliary to a proceeding for other relief. The relief asked was that the sale be enjoined, "and for such other and further relief as

petitioner is entitled to." The allegations of the petition did not entitle the petitioner to any other relief than injunction. Strike the prayer for injunction and the allegations upon which it is asked from the petition, and there is no case left. In *Langworthy v. McKelvey, supra,* and in *Carroll County v. Railroad Land Co.,* 53 Iowa, 685, the court held that the injunction was only auxiliary to the other relief asked. True, the relief asked in this case depends upon the question of title, but that does not change the fact that it is an independent proceeding for injunction only. Being for injunction only, there is nothing else in the case to defend against. Had a motion been made to dissolve this injunction, it would have involved the same investigation that was made on the trial; and, had such motion been made and sustained, the case would have been finally disposed of as provided in section 3401, Code, as there would have been nothing left to proceed. upon. The case was one for injunction alone, and what was done in the way of defense was against the injunction, and resulted in its dissolution. We hold, under the facts certified, that the plaintiff was entitled to recover his expenses for attorney's fees necessarily incurred in defending the case in equity, and that the court erred in directing the jury to find for the defendants. REVERSED.