| 83 | 373 |
| 85 | 556 |

| 83 | 373 |
| 101 | 484 |

| 83 | 373 |
| f125 | 414 |

| 83 | 373 |
| 143 | 511 |
| 143 | 512 |

EDWARD F. BULLARD, Appellant, v. B. F. HARKNESS, Appellee.

1.   Injunction: BOND: DAMAGES: EXPENSES. In an action brought by the defendant to enjoin an execution sale of certain lands and to

quiet his title thereto, the injunction was, upon final hearing, dissolved, and the defendant held to hold the land in trust for the plaintiff herein. *Held,* in an action upon the injunction bond that the plaintiff was not entitled to recover as damages the costs and expenses incurred in obtaining the dissolution of said injunction.

2. ———: ———: USE OF LAND. The value of the use of the land in such case for the time that the plaintiff was kept out of possession being contingent upon the result of said execution sale, *held,* not to be recoverable as damages.

3. ———: ———: ———. The cost of publication of the notice of said execution sale having been incurred in part for other lands, and it not appearing what part of such expense was on account of the lands in controversy, and said sale as to the latter lands being unnecessary, *held,* that the plaintiff was not entitled to recover such costs.

*Appeal from Humboldt District Court.*—HON. GEORGE
H. CARR, Judge.

SATURDAY, OCTOBER 10, 1891.

THIS is an action upon an injunction bond. There was an answer denying generally, and setting up a counterclaim, to which a reply was filed denying the same. A trial was had to the court resulting in a judgment dismissing the plaintiff's petition, and in favor of the defendants on the counterclaim. The plaintiff appeals.—*Affirmed.*

*E. F. Bullard,* for appellant.

*A. E. Clark,* for appellees.

GIVEN, J.—I. The appellant, having a judgment and decree of foreclosure against certain lands, was proceeding to sell the same on special execution. The appellee Prouty, claiming to be the owner of the lands under a tax deed, brought an action to enjoin the sale and to quiet his title, and, to procure the issuance of the injunction, executed the bond sued upon, with the appellee Harkness, as his surety. On final hearing it was

1. INJUNCTION:
bond: damages: expenses.

decreed that the appellee Prouty held the lands as trustee for the appellant, that the injunction be dissolved, and that the appellee convey the land to the appellant. The appellant asks to recover on the bond costs and expenses alleged to have been incurred in obtaining a dissolution of the injunction; the value of the use of the land, or interest on the amount at which the appellant would have bid it off, and ten dollars and sixty cents paid for advertising the sale. The appellant assigns as errors the exclusion of these claims for damages.

There was no direct attack made against the injunction. It was left to stand or fall upon the question of ownership; and, Prouty's title being found to be that of a trustee for the appellant, the injunction was dissolved. The costs and expenses incurred by the appellant were in trying the issue of ownership, and are not different from what they would have been if no injunction had been issued. It is only such expenditures as were necessarily incurred in defending against the injunction that are recoverable on the bond, and expenses incurred in defending against other features of the case in which the injunction was issued are not included. When an injunction is the only relief sought, and dissolution is procured on final hearing, necessary costs and expenses in procuring the dissolution are recoverable. *Behrens v. McKenzie*, 23 Iowa, 333; *Langworthy v. McKelvey*, 25 Iowa, 48; *Reece v. Northway*, 58 Iowa, 187; *Ford v. Loomis*, 62 Iowa, 586; *Thomas v. McDaneld*, 77 Iowa, 300. When the injunction is merely auxiliary, expenses incurred in defending the action are not recoverable. *Carroll Co. v. Land Co.*, 53 Iowa, 685. The appellant relies upon *Thomas v. McDaneld, supra.* While there is a similarity in the facts, there is this controlling distinction: In that case the only relief asked was to enjoin the

sale. "Strike the prayer for injunction and the allegations upon which it was asked from the petition, and there is no case left." Not so, however, in this case, as the appellee Prouty's claim of ownership and right to be quieted in his title remained to be determined, even though the injunction was dissolved. The injunction was merely auxiliary, and none of the expenses claimed were incurred in procuring its dissolution, and, therefore, are not recoverable on the bond.

II. The appellant asserts that the land was worth sixteen hundred dollars; that, if not restrained, he would have bid it in at that sum, and obtained a sheriff's deed; wherefore he

2. —: —: use of land.

claims to be entitled to the value of the use of the land for the time he was kept out of possession, or interest on the sixteen hundred dollars. As said in *Johnson v. Moser*, 72 Iowa, 654: "It is impossible to know what the result of the sale, if made, would have been. It is possible the property might have been sold to some person other than the plaintiff." True it did not appear in that case, as in this, that the judgment debtor was insolvent, and the mortgaged property insufficient to pay the debt; but that does not change the fact that the damages claimed depended upon contingencies the result of which cannot be known. There was no error in excluding this claim.

III. The appellant expended ten dollars and sixty cents for publishing the notice of the sheriff's sale. Other lands than those the sale of which was enjoined were included in

3. —: —: —.

the notice, and there is nothing to show what part of the expense related to the lands included in the injunction. According to the decree, the appellant was the owner of the lands, and, therefore, the action to foreclose his mortgage was unnecessary. The contention was whether the defendant Prouty held the tax title in his own right or in trust for the appellant,

.and the injunction was merely for the purpose of preventing further complications by a sale until the question of ownership was determined. We find no error in excluding these claims for damages.

IV. The court allowed the defendant Prouty on his counterclaim for services rendered for the appellant in the condemnation of a right of way across the land, and for taxes paid on the land. We see no error in making these allowances.

The judgment of the district court is AFFIRMED.