W. H. H. COLBY, Appellant, v. S. T. MESERVEY *et al.*, Appellees.

| 85 | 555 |
|----|-----|
| f125 | 414 |
| 85 | 555 |
| 132 | 18 |
| 85 | 555 |
| 143 | 511 |
| 143 | 512 |

1. **Injunction**: BOND: DAMAGES: RENTS. A judgment creditor who has been enjoined by an adverse claimant from selling certain real estate under execution is not entitled, in an action upon the injunction bond, to recover the rental value of such property for the time he was delayed in obtaining title by reason of the injunction.

2. ———: ———: ———: ATTORNEY FEES. Where it appears in such action that the injunction was the only relief sought in the injunction proceeding, and that the same was dissolved upon final hearing, the plaintiff is entitled to recover his necessary costs and expenses in procuring the dissolution, including attorney fees.

*Appeal from Webster District Court.*—HON. J. L. STEVENS, Judge.

TUESDAY, MAY 24, 1892.

ACTION on an injunction bond. From a judgment for the defendants, the plaintiff appeals.—*Reversed.*

*R. M. Wright*, for appellant.

*Botsford, Healy & Healy*, for appellees.

GRANGER, J.—I. The plaintiff was a judgment creditor of one Pomeroy, who owned lot one in block number twenty-three, in the city of Ft. Dodge. The plaintiff took execution and levied on the lot, and was proceeding to sell the same by virtue of the levy. The defendant, Meservey, was residing on the lot, and claimed to own the same by virtue of a tax deed, and also claimed that the execution upon which the plaintiff was about to sell the lot was wrongfully issued, because of the issuance of another execution that was not returned. He instituted a suit in which he enjoined the plaintiff, Colby, the defendant in that suit, and the sheriff, from making the sale. The result of that suit was a judgment for the plaintiff for costs, and, in effect, dissolving the injunction. Thereafter another execution was taken, and the lot sold, and purchased by the plaintiff, leaving a large part of his judgment unsatisfied. This suit is on the injunction bond, and the damages sought are, *first*, for the rental value of the lot for the time he was delayed in obtaining title because of the injunction, or the interest on the purchase price for that time; and, *second*, attorneys' fees expended in procuring a dissolution of the injunction. The cause was submitted to the court without a jury, which gave a general judgment for the defendants.

The claim for rental or for the interest on the purchase price is fully controlled by the case of *Bullard v. Harkness*, 83 Iowa, 373, determined since the submission of this case, and it is in accord with the holding of the district court.

II. The claim for attorneys' fees, we think, is also controlled by the case of *Bullard v. Harkness*, but that

<div style="margin-left:2em"><small>1. INJUNCTION: bond: damages: rents.</small></div>

2. $\frac{}{attorney} : \frac{}{} : \frac{}{}$
fees.

is not in accord with the holding of the district court. In that case it is expressly stated: "When an injunction is the only relief sought, and the dissolution is procured on the final hearing, necessary costs and expenses in procuring the dissolution are recoverable." And also: "When the injunction is merely auxiliary, expenses incurred in defending the action are not recoverable." Both propositions are supported by a citation of authorities. We should then look to the relief sought in the injunction proceeding in question. The prayer is: "Wherefore plaintiff asks that he may have an injunction restraining said sheriff and said judgment creditor from proceeding with said sale under said execution, and that the clerk may be directed to issue said writ, and that they may be perpetually enjoined from selling or attempting to sell said lot one (1), block twenty-three (23), and that he may have decree therefor, and for costs." In that suit the defendant Colby, the plaintiff in this suit, filed an answer, with the following prayer: "Defendants therefore pray that the writ of injunction heretofore granted in this case may be dissolved, and that they may have their costs."

The answer is purely defensive in its terms and purpose, and neither party asks for even general relief. The issue is only as to the continuance or discontinuance of the injunction. The facts in the case were adjudged favorably to the defendant Colby, and the injunction dissolved. As between the plaintiff and the defendants, the case is exactly within the rule stated in *Thomas v. McDaneld*, 77 Iowa, 299, as follows: "Strike the prayer for injunction and the allegations upon which it is asked from the petition, and there is no case left." See, as announcing the same rule, *Bullard v. Harkness, supra,* and other cases cited. The following presents the rule of the appellees' contention: "Where the principal contest upon the hearing was

not with reference to the injunction, but concerning a question of title, the injunction being only incidental thereto, and the counsel fees incurred upon the trial would have been incurred in the absence of any injunction, it was held that they could not be included in the damages." The difficulty is not with the correctness of the rule, but with its application. The "principal contest" in this case was "with reference to the injunction." It was the contest. The question of the title was incidental. Neither party asked for a decree establishing title. The case in this respect is precisely like *Thomas v. McDaneld*, 77 Iowa, 299.

It is said that if Meservey's tax deed had not been adjudged void in the injunction suit, it would have necessitated another suit, after obtaining his deed under his execution sale, to settle his title. Possibly so, and possibly not. We cannot assume it as a rule for the adjustment of costs in an action tried. In the injunction case there was an intervention by one A. C. Meservey, and in her petition she claimed title to the lot as against both the plaintiff and the defendant. Her claim to the title was by virtue of a sheriff's deed based on another judgment against Pomeroy, known as the "Neidecken judgment." Colby took issue upon the petition of intervention, and upon the hearing the petition was dismissed. The issues presented by the plaintiff's petition and that of the intervenor were distinct, and a judgment dismissing the petition of intervention would not have determined the issues for the defendants against the plaintiff. The appellees make no claim otherwise, and the point need not be noticed further.

For procuring the dissolution of the injunction the plaintiff should have been allowed his reasonable expense for attorneys' fees. REVERSED.