A. ADY, Appellant, v. J. P. FREEMAN.

Dissolving Injunction: ATTORNEY'S FEE.    Where an action seeks relief besides injunction, and the writ is superseded, and so far as damages pending suit is concerned, practically, dissolved by bond, without a motion to dissolve and without the aid of an attorney, no attorney fee can be recovered for dissolving the writ.    (1)

Nominal Damages: Reversal.    A judgment will not be reversed in order that nominal damages may be recovered.    (2)

*Appeal from the Muscatine District Court.*—HON. W. F.
BRANNAN, Judge.

WEDNESDAY, FEBRUARY 7, 1894.

THIS is an action to recover damages on an injunc-
tion bond. There was a trial by jury. At the close of the
introduction of plaintiff's evidence, on motion of de-
fendant's counsel, the court instructed the jury that the
plaintiff had failed to introduce any evidence in sup-
port of the allegations of his petition, and there should
be a verdict for the defendant. The plaintiff appeals
from the judgment upon a verdict rendered in obedi-
ence to the said instruction of the court.—*Affirmed.*

*N. Rosenberger* and *Detwiler & Doran* for appellant.

*Richman & Burk* for appellee.

ROTHROCK, J.—I. It appears from the record that
the defendant, Freeman, leased office rooms to the plain-
tiff, Ady, for a term of years. Plaintiff is a physician
and surgeon, and occupied the office in the practice of
his profession. The lease, by its terms, did not expire
until August 1, 1888. While Ady was in possession of
the office, Freeman enlarged a porch above the win-
dows of one of the rooms. Ady claimed that the change
made in the porch obstructed the light in his rooms.
There was some controversy about the matter, and
Ady leased other rooms, and, while preparing to move
from the defendant's rooms, the defendant, on the
twenty-seventh day of September, 1887, commenced a
suit against Ady, claiming a landlord's lien on the per-
sonal property in the rooms, and that eight dollars was
due on the rent, and that eighteen dollars and seventy-
five cents would become due on the last day of each
month during the term of the lease, and that his lien
would be lost if Ady removed the personal property.

Judgment was demanded for such sums as might become due at the time of the final disposition of the cause. A writ of injunction was prayed for and issued, restraining Ady from removing the property upon which Freeman claimed his lien. Three days after the service of the writ of injunction, Ady gave a bond to pay any damages and costs that might be adjudged against him in the action, and the injunction was thus practically dissolved, or rather superceded, and Ady removed his property from Freeman's rooms. The said cause was afterward tried, and a decree was entered in favor of Ady. This action was brought to recover five hundred dollars damages on the injunction bond.

The principal question in the case is whether the plaintiff is entitled to be reimbursed for attorney's fees in procuring a dissolution of the injunction. The amount demanded for that service is one hundred dollars. The district court was of opinion that plaintiff was not entitled to recover attorney's fees. We concur in that opinion. We have set out the claims of the parties in the suit in which the injunction issued, for the purpose of showing that the plaintiff is not entitled to attorney's fees for procuring a dissolution of the injunction. The injunction was not the only relief demanded. Judgment was prayed for the rent due and to become due up to the time of the trial. No motion was made to dissolve the injunction. So far as any right to recover damages pending the suit was involved, the injunction was practically dissolved by giving the bond in three days after it was issued. It does not appear that counsel performed any services whatever in procuring a dissolution of the injunction. That no attorney's fees can be recovered in such cases, see *Langworthy v. McKelvey*, 25 Iowa, 49; *Carroll Co. v. Iowa R. L. Co.*, 53 Iowa, 685, 6 N. W. Rep. 69.

II.   It is urged that the court erred in refusing to permit the plaintiff to prove damages which he claimed accrued to him by reason of being prevented from moving his property from the office for three days.   It may be that, by applying technical rules, the plaintiff could have shown some damages; but our examination of the case leads us to the conclusion that the legitimate damages, aside from the claimed attorney's fees, were so inconsiderable as to come within the well known rule that a cause will not be reversed to enable a party to recover nominal damages. . Other questions are made, which we think do not demand consideration.   The judgment of the district court is AFFIRMED.