B. V. LEONARD, Appellant, v. THE CAPITAL INSURANCE COMPANY.

**Void Judgment:** EQUITY JURISDICTION.   Chancery has jurisdiction to
2   cancel, and enjoin the enforcement of, a void judgment rendered by a justice of the peace.   Appeal is not the exclusive remedy.

VACATION OF: *Construction of statute.*   Code, sections 3154, 3161,
2   authorizing the district court to vacate its own judgments for fraud, mistake, etc., and to award an injunction suspending proceedings, does not require a suit to cancel and enjoin a void judgment of a justice of the peace to be brought in the court where it was rendered.

SAME.   Code, section 2522, providing that a judgment obtained in
3   ordinary proceedings shall not be annulled in equity except for a ·defense which has arisen or been discovered since it was rendered, does not apply to void judgments.

**Auxiliary Injunction:** ATTORNEY FEE.   In a suit to vacate a judg-
1   ment, and to enjoin the enforcement thereof, the injunction is merely incidental to the main relief sought; and, hence, attorney's fees are not recoverable by defendant in an action on the injunction bond, though ·they are recoverable where injunction is the sole relief sought.

*Appeal from  Taylor District Court.*—HON. W. H. TEDFORD, Judge.

THURSDAY, APRIL 8, 1897.

ACTION at law to recover attorney's fees upon an injunction bond given in a proceeding in which defendant was seeking to set aside and enjoin the collection of a judgment held by the plaintiff against

it.  A trial to the court resulted in a judgment for defendant, from which plaintiff appeals.—*Affirmed.*

*Geo. L. Finn* and *B. V. Leonard* for appellant.

*Jackson & Miller* for appellee.

DEEMER, J.—Appellant recovered a judgment against the appellee, the Capital Insurance Company, before a justice of the peace, in Taylor county. Thereafter, appellee commenced an action in equity to set aside, vacate and annul the judgment, on the ground that no original notice of the action had been served upon it.  It also asked that the plaintiff therein be barred from claiming or asserting any right under said judgment, and that he, the justice of the peace, and the constable be enjoined and restrained from collecting or in any manner enforcing or attempting to enforce it.  Appellee filed the bond upon which this suit is predicated, and secured the issuance of a temporary writ of injunction.  Appellant appeared to that action, filed a demurrer to the petition, and a motion to dissolve the injunction.  The court below overruled both the demurrer and the motion, but, on final hearing, appellee's petition was dismissed, and the injunction dissolved.  Appellant then commenced this action to recover the sum of fifty dollars paid by him to an attorney, and the further sum of sixty dollars for himself, he being also an attorney at law. Having failed in the court below, he asks that the judgment be reversed, on the ground that the injunction was the only relief sought by the insurance company in its action against him, and that he is entitled to his attorney's fees.

It is a well-settled rule in this state that, where an injunction is asked and granted in an action auxiliary to other relief, attorney's fees in defending such

action are not recoverable in a suit upon the bond. *Langworthy v. McKelvey,* 25 Iowa, 48; *Carroll County v. Iowa Railroad Land Co.,* 53 Iowa, 685 (6 N. W. Rep. 69); *Bullard v. Harkness,* 83 Iowa, 373 (49 N. W. Rep. 855); *Ady v. Freeman,* 90 Iowa, 402 (57 N. W. Rep. 879); *Thomas v. McDaneld,* 77 Iowa, 300 (42 N. W. Rep. 301). Mention has already been made of the fact that the court overruled the motion to dissolve, and that the injunction was discharged upon final hearing. Appellant contends, however, that it was the only relief sought, and that the case falls within the doctrine announced in *Behrens v. McKenzie,* 23 Iowa, 333; *Reece v. Northway,* 58 Iowa, 187 (12 N. W. Rep. 258); *Ford v. Loomis,* 62 Iowa, 586 (16 N. W. Rep. 193), and (17 N. W. Rep. 910), and other like decisions which hold, in effect, that, where an injunction is the only relief sought, attorney's fees are recoverable.

The ultimate question, then, is: Was the injunction the only relief claimed, or was it asked merely as auxiliary or incidental to other relief? The query is easily answered by turning to the petition. We there find that appellee asked, not only for an injunction to restrain the plaintiff, the justice, and constable from enforcing the judgment, but also prayed that the judgment rendered by the justice be canceled, set aside, and held for naught, and that the plaintiff therein be forever barred from claiming or asserting any right thereunder. This relief could have been granted without suing out a temporary writ, and it follows that the injunction was incidental to the main action.

Appellant says, however, that a court of equity could not grant the relief prayed, for the reason— *First,* that there was a plain, speedy, and adequate remedy at law, by appeal or *certiorari;* and *second,* because the court had no jurisdiction to grant the

relief.   We regard it as settled in this state that a court of chancery has jurisdiction to set aside cancel, and enjoin the enforcement of void judgments.   Appeal is not the only remedy in such cases.   *Connell v. Stelson*, 33 Iowa, 147; *Givens v. Campbell*, 20 Iowa, 80; *Arnold v. Hawley*, 67 Iowa, 313 (25 N. W. Rep. 259); *Insurance Co. v. Waterhouse*, 78 Iowa, 674 (43 N. W. Rep. 611).

The second point relied upon by appellant is based upon the thought that the equitable action should have been brought in the court which rendered the judgment at law, and Code, sections 3154, 3161, are relied upon.   These sections have reference to proceedings in the district court to reverse, vacate, or modify judgments for fraud, irregularity, unavoidable casualty, mistake, etc., and have no possible relevancy to this case.   They refer to judgments in the district court, and to voidable or erroneous, not void, judgments.   Code, section 2522, which provides, in substance, that judgments obtained in ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered, has no reference to void judgments.   As sustaining these propositions, see *Arnold v. Hawley, supra*.   The judgment of the district court is AFFIRMED.