WILLIAM A. POLLOCK ET AL. v. DAVID W. WHIPPLE.

FILED DECEMBER 8, 1898. No. 8516.

Action on Injunction Bond: DAMAGES. In an action on an injunction bond conditioned that the obligors should pay to the obligee all damages which the obligee might sustain by reason of the injunction if it should be finally decided that the injunction ought not to have been granted, *held* erroneous to submit to the jury evidence of the expenses attendant upon an unsuccessful attempt, on motion, to dissolve the injunction.

ERROR from the district court of Cedar county. Tried below before NORRIS, J. *Reversed.*

*Miller & Ready* and *Barnes & Tyler*, for plaintiffs in error.

*John Bridenbaugh, contra.*

RYAN, C.

This was an action in the district court of Cedar county for the recovery of damages on an injunction bond. The differences between the chief litigants in this case seem to have appeared in an action of forcible entry and detainer, in which there was a judgment in favor of Whipple, the plaintiff. The defendant Pollock thereupon, on June 8, 1889, tendered an appeal bond in the penal sum of $50, which was approved by the justice of the peace who had rendered the judgment sought to be appealed from. On the day following the approval of this bond there was by said justice of the peace indorsed on the bond this language:

"This approval is hereby canceled and notice given defendant this 9th day of June, 1889.

"W. J. DE GARMO,

"*Justice of the Peace.*

"After examination of the responsibility of the sureties in this bond, I find that they are not good; therefore insufficient.   I hereby refuse to approve said sureties and the amount fixed in said bond; and it is considered by me that $500 would be a reasonable amount on appeal of this cause, with two good responsible sureties.   Dated this 9th day of June, 1889.          W. J. DE GARMO,

"*Justice of the Peace.*"

The appellant in the forcible entry and detainer case, on the theory that these last two indorsements of the justice of the peace in no way impaired Pollock's rights upon an appeal perfected, obtained an injunction in an action brought in the said district court, whereby the appellee in the forcible entry and detainer suit was prevented from interfering with the rights which appellant claimed existed in his favor by virtue of his appeal bond having been duly approved.   We are not informed by the record in this case what were the conditions of, or who were sureties on, the original injunction bond. Soon after the injunction action was brought, as we learn from the averments of the petition herein, the defendant in the injunction suit moved to dissolve said injunction, and in case the same was not dissolved moved the court for further, better, and additional security; and this motion was not sustained as to dissolving said injunction, but was sustained as to requiring the plaintiff in the injunction suit to furnish additional security.   A bond was furnished in compliance with the order of the court thus described in the petition herein, and it is upon this bond that this action was begun.   It is insisted by the plaintiff in error in this case that the injunction was continued in force only so long as was necessary to protect the rights of Pollock as an appellant in the forcible entry and detainer case and that, when

that case was decided, the injunction suit was, with the assent of all parties, dismissed. If there had been shown a voluntary dismissal without objection, our task would be much simpler than we find it in view of the following journal entry in the injunction case: "In the district court of Cedar county, Nebraska. William A. Pollock v. David W. Whipple and Samuel Gust. On this 15th day of March, 1892, this cause came on to be heard upon renewal of the motion of the defendants to vacate and set aside the injunction heretofore granted in this case, and was submitted to the court upon the petition and affidavits of the parties, upon consideration whereof it is ordered that said motion be sustained and said injunction is hereby vacated and set aside and said action is hereby dismissed at the costs of the plaintiff." There is in the record no disclosure of the grounds upon which was founded this motion to vacate and modify the injunction. It may therefore have been for reasons which were sufficient, and we are not required to presume the contrary in an entirely independent action; neither would it be proper under such circumstances to assume that the dismissal of the action itself was without justification. The petition for an injunction was not to be found on the trial, and secondary evidence of its contents was therefore submitted. From this evidence we learn that the injunction action was brought to preserve the rights of Pollock as an appellant in the forcible entry and detainer suit. But this does not assist Pollock in this case, for if we are to infer anything from the mere fact of the dismissal of his action by the court, that inference would probably, of necessity, be that he had failed in making proof of the allegations of his petition. Under these circumstances it is very clear that there is not presented the simple question of the rights of Pollock, as an appellant, to protection by injunction against an attempt of the justice of the peace to reconsider his approval of the appeal bond given by Pollock. It seems that in the injunction action there was a receiver, under

whose supervision the crop growing on the premises was harvested; that Whipple paid the expenses of this harvesting, and in this action introduced evidence of the amount so paid by him. After this evidence had been introduced without objection there was a motion on behalf of Pollock to strike it from the record. This was sustained in so far as such evidence referred to the prices paid for work, and, as we understand it, this ruling, in so far as Pollock is concerned, must be considered as though the evidence stricken out had never been introduced. A party, after evidence has been introduced without objection, cannot obtain an order by which such evidence is stricken from the record, and then, for the purpose of disclosing error on the face of the record, insist that such evidence was erroneously admitted in the first instance. Whether or not this evidence was proper in support of Whipple's action for damages is not presented by the record, and for this very sufficient reason that question is not considered.

The injunction bond upon which this action was brought was conditioned that the plaintiff Pollock would pay all damages which the defendant Whipple might sustain by reason of the injunction, if it should finally be decided that the injunction ought not to have been granted. The motion to dissolve the injunction, or, in the alternative, for better and additional security, it seems from the averments of the petition, was filed July 13, 1889, and a dissolution of the injunction was denied August 3, 1889. There was, however, an order requiring additional and better security on the bond, and this part of the order was complied with by the filing of the bond sued on. On the trial there was, over proper objections, introduced evidence of the attorney's fees and other outlays in presenting this motion at Ponca. Plaintiff in error requested the court to instruct the jury as follows: "You are instructed in making your verdict in this cause to disregard the evidence as to money paid for attorney's fees and expenses at Ponca in attempting to obtain a dis-

solution of the injunction in question in this suit. The plaintiff, having failed to procure a dissolution of the injunction, is not entitled to recover for his expenses in making such attempt." This instruction was refused, to which ruling there was a proper exception. It may be possible that this motion was the one of which there was a renewal on March 15, 1892, but this was nearly three years after the unsuccessful presentation of the motion with respect to which the expenses were incurred. Not only was this true, but the sureties on the bond sued upon became such after, and in compliance with, the order made contemporaneously with that refusing to dissolve the injunction. The instruction should have been given, and for the error in refusing it the judgment of the district court is reversed.

REVERSED AND REMANDED.