CHICAGO, ANAMOSA & NORTHERN RAILWAY CO., Appellee,
v. J. W. WHITNEY, Administrator of the Estate of
JOSEPH WHITNEY, Deceased, CHARLES F. LECLERE,
and HENRY PILLARD, Appellants..

**Injunction:** BOND: DAMAGES: LIABILITY OF SURETIES. Liability of
1 sureties on an injunction bond dates from the issuance of the
restraining order and terminates upon its dissolution; so, assum-
ing the bond in the instant case to include as damages interest
on funds withheld by reason of the order, the same should only
be computed from the date of the injunctional order.

**Same:** DISSOLUTION OF INJUNCTION: RECOVERY OF ATTORNEY FEES.
2 Where an injunction is the only relief sought and upon final
hearing a dissolution is ordered, necessary costs and attorney fees
are recoverable; but where the injunction is merely auxiliary to
the other relief sought the costs and expenses incurred in de-
fending the action are not recoverable. Defendant in this action
brought suit to restrain plaintiff from collecting certain township '
taxes voted in the aid of plaintiff, and to have the tax declared
null and void, and for other equitable relief. On final hearing
in the district court the temporary writ was dissolved and the
petition dismissed, but on appeal a restraining order was issued
by one of the judges and bond given, and on determination of
the appeal the decision of the district court was affirmed. This
action was then brought to recover on the bond given in the
Supreme Court, for costs and attorneys fees incurred in defend-
ing the action. *Held,* that the injunction was not the sole relief
demanded, but was merely incidental to the main purpose of the
action, and upon dissolution attorneys fees were not recoverable
in a suit on the bond.

**Same:** RECOVERY OF FEES AND EXPENSES. An injunction bond condi-
3 tioned for the payment of all expenses adjudged against the
obligor by reason of the injunction, does not include expenses in-
curred and fees earned before the bond was given; nor those in-
curred in an unsuccessful attempt to dissolve the injunction.

**Same:** ATTORNEY FEES: REASONABLENESS: QUESTION OF FACT. The
4 amount of attorney fees to be allowed as damages in a suit on
an injunction bond is for the jury to determine, though the only

· testimony of the value of the services, was that of plaintiff's witnesses.

*Appeal from Linn District Court.—*HON. F. O. ELLISON, Judge.

FRIDAY, JULY 2, 1909.

ACTION at law upon an injunction bond given by Joseph W. Whitney as principal, and the defendants Le Clere and Pillard as sureties. The trial court directed a verdict for plaintiff, and defendants appeal.—*Reversed.*

*Voris & Haas,* for appellants.

*Remley & Remley,* for appellee.

DEEMER, J.—In December of the year 1904 Joseph Whitney, now deceased, brought an action against the plaintiff herein, whom we shall hereafter call the "Railway Company," to enjoin it from prosecuting any proceedings for the collection of a tax voted in its aid by the electors of Boulder township, Linn County, Iowa. The action was against the railway company, and also against one Carroll, the county treasurer of Linn County, and the petition not only asked for an order restraining the collection of the tax, but also asked that the taxes so levied be declared null and void, and that he, on behalf of himself, as well as the other taxpayers of the township, be granted such other relief as in equity and good conscience they might be entitled to. A temporary writ of injunction was issued on this petition, and, the defendant having answered, the cause went to trial on the merits, resulting in a decree dismissing Whitney's petition and dissolving the temporary writ of injunction. Thereupon the Railway Company brought an action of mandamus against the trustees of the

township, to compel them to issue the certificate which was an essential to the collection of the tax. Whitney appealed from the decree rendered in the injunction case to this court. Upon application here a restraining order was issued against the Railway Company, enjoining it from collecting any of the taxes in *controversy,* and from proceeding with its mandamus case, and also restraining the county treasurer from enforcing, collecting, or paying over to the Railway Company any taxes coming into his hands. The Railway Company appeared in this court, and moved to dissolve this restraining order, and the motion was overruled upon condition that Whitney file a bond in the sum of $2,000. That bond was filed, and the restraining order was continued in force until March 6, 1907, when an opinion was filed in the original case affirming the action of the court below. See *Whitney v. R. R. Co.,* 133 Iowa, 508. Thereafter the Railway Company brought this action to recover damages upon the bond given pursuant to the order of this court, claiming in the aggregate the sum of $1,755.72, made up of items of attorney's fees paid its counsel, expenses incurred by them in securing a dismissal of the restraining order, charges for printing abstracts, briefs and arguments for this court, expenses for a transcript of the proceedings, and interest on the funds in the hands of the county treasurer for the time plaintiff was deprived of the use thereof. The bond upon which the action is brought was given on the 15th day of January, 1906, and contained this condition: "Now, therefore, if the said Joseph Whitney shall and will pay all damages which may be adjudged against him by reason of such injunction or restraining order, then this obligation to be void, otherwise to be in full force." And the opinion in the appeal was filed March 6, 1907. Defendants answered, admitting most of the facts above recited, but denied the expenditures claimed, or the necessity therefor, and also denied that fees and charges were either reasonable or

just. They further pleaded that all the fees and expenses sued for were in the main action, and without any reference to the restraining order issued by this court, and, that being but incidental to the dissolution of the restraining order, they can not be recovered under the bond given pursuant to the order of this court. It was upon these issues that the case was tried, and at the conclusion of the testimony the plaintiff filed a motion for a verdict in its favor for the amount of the interest upon the funds in the hands of the county treasurer from September 19, 1905, to April 5, 1907, amounting, as we understand it, to $715.20, also for the amount of attorney's fees and expenses, shown upon the trial, amounting to $616.81, with interest thereon, for the reason that under the uncontradicted evidence in the case such a verdict should be returned and no other. This motion was sustained, and the trial court directed a verdict for the plaintiff in the sum of $1,334. The appeal is from a judgment rendered upon this verdict.

I. We shall assume, of course, that under the issues and the testimony plaintiff has a right to recover upon the bond, for by the express conditions thereof the obligors were to pay all damages which might be adjudged against Whitney by reason of the issuance of the restraining order issued by this court. We shall also assume that plaintiff was entitled to interest on the funds of which it was deprived during the time it was kept out of the possession thereof by reason of the restraining order. Until the restraining order was issued there was no liability on the part of the sureties, and their liability ceased as soon as it was dissolved. It seems to us, therefore, that the only period for which interest might be computed was that intervening between the issuance of the order, to wit, September 16, 1905, and the time of its dissolution, when the opinion was

1. INJUNCTION: bond: damages: liability of sureties.

filed on March 6, 1907. The trial court did not take this view, and in this respect we think it erred.

II. As to the recovery of attorney's fees and expenses, the case is peculiar. As already observed, the action is upon a bond given in this court, conditioned to pay all damages which might be adjudged against Whitney by reason of a restraining order issued by one of the judges of this court. The recitations of the bond are as follows: . "The condition of the above obligation is such that, whereas the said Joseph Whitney had appealed from the judgment of the district court of Iowa in and for Linn County, rendered on the 26th day of June, 1905, in an action then pending in said court, wherein the said Joseph Whitney was plaintiff, and the Chicago, Anamosa & Northern Railway Company and Chas. D. Carroll were defendants; and whereas the said Joseph Whitney on the 14th day of September, 1905, filed in the office of the clerk of the Supreme Court of Iowa a petition praying for the issuance of an order to enjoin and restrain the said Chicago, Anamosa & Northern Railway Company from in any manner proceeding to collect taxes voted in aid of said company by the taxpayers of Boulder township, Linn County, Iowa, and from maintaining or prosecuting an action against the trustees of said township to compel the certification by them that the conditions upon which said tax was voted have been complied with; and to restrain the said Chas. D. Carroll, treasurer of Linn County, Iowa, from paying to said company any such tax as may have been paid, or may be paid, into his office, and from in any manner enforcing, or attempting to enforce, the collection of such taxes, pending the final determination in the Supreme Court of said appeal; and whereas on the 14th day of September, 1905, the Honorable Charles A. Bishop, one of the judges of the Supreme Court of Iowa, made an order attached to said petition, allowing said restraining

*(Margin note: 2. SAME: dissolution of injunction: recovery of attorney fees.)*

order as prayed in the petition therefor." It is the rule of this court that, when an injunction is asked and granted in an action auxiliary to other relief, attorney's fees and expenses in defending the action are not recoverable. But where the injunction is the only relief sought, and dissolution is procured upon final hearing, necessary costs and expenses in procuring the dissolution are recoverable. The test laid down by this court is this: Strike the prayer and the allegations upon which it is asked from the petition, and unless there is a completed cause of action left, the injunction is the main case. See, *Thomas v. McDaneld,* 77 Iowa, 299; *Bullard v. Harkness,* 83 Iowa, 373; *Colby v. Meservey,* 85 Iowa, 555; *Williams v. Ballinger,* 125 Iowa, 410.

The case would not be difficult of solution under these rules were it the ordinary one where an injunction issued by a trial court had been dissolved, and action had been brought upon the bond to recover the damages sustained. Here the case had been decided in the trial court resulting in a decree dismissing the petition and dissolving the temporary writ. Appeal was taken to this court, and a restraining order was issued by one of the judges in virtue of constitutional and statutory proceedings in aid of our appellate jurisdiction. True, the restraining order was the only original one issuing out of this court, but it was a mere incident of the litigation. Without the restraining order the case could have been heard upon appeal, and a decree entered reversing the action of the trial court. Had such a reversal been secured, plaintiff in the main action would have secured the relief asked, and the restraining order would have been continued as a matter of course. The railway company was bound to present its case upon appeal in any event, and the issuance of the restraining order imposed no additional burden upon it. It had already secured counsel to present its case upon appeal, when the restraining order was issued, and no additional

burden was imposed upon it, save as it attempted to get rid of this order upon a motion filed and presented to this court. That motion was overruled, and hence the Railway Company was not entitled to an allowance of attorney's fees for its unsuccessful effort to get rid of this order. The only way it then had to secure a discharge of the order was to secure an affirmance of the decree of the trial court upon appeal. True, it might have submitted the cause without argument had it so elected, and there is no showing that appearance and argument was made in this court for the purpose of getting rid of the restraining order. The order issued by this court was wholly incidental to the appeal, and no additional burden was cast upon the Railway Company by reason thereof, save as it attempted to secure a discharge of that order upon motion. Under our holdings, even if such a motion be denied, still where the injunction is the only relief sought, and a dissolution is had upon final hearing, attorney's fees are recoverable in an action on the bond for defending the entire action. *Reece v. Northway,* 58 Iowa, 187; *Ford v. Loomis,* 62 Iowa, 586; *Bullard v. Harkness,* 83 Iowa, 373; *Colby v. Meservey,* 85 Iowa, 555.

But if the injunction is ancillary, or if the action is really for other relief then injunction, being ancillary, attorney's fees are not allowed for defending the suit. As already indicated, the order in this case was issued under section 4, article 5, of the Constitution, giving this court power to issue all writs and processes necessary to secure justice to the parties, or in virtue of section 4109 of the Code, giving us power to issue all writs and processes necessary for the exercise and enforcement of our appellate jurisdiction. The order issued was clearly ancillary to the appeal, and counsel fees should not be allowed for presenting the main case upon appeal. *Ady v. Freeman,* 90 Iowa, 402; *Leonard v. Capital Ins. Co.,* 101 Iowa, 482; *Carroll Co. v. Iowa R. L. Co.,* 53 Iowa, 685; *Ellwood*

*Mfg. Co. v. Rankin,* 70 Iowa, 403.   In the latter case
it is expressly held that attorney's fees in this court for
services rendered after the dissolution of an injunction,
should not be allowed.   We quote the following from that
opinion:  "The remaining assignment of error pertains to
the disallowance of evidence of service in the Supreme
Court after the injunction had been dissolved.   In this we
think that there was no error.   This court has never gone
further than to allow attorney's services in procuring a
dissolution of the injunction, and we do not think that
we should be justified in doing so.   The appellant contends
that by appeal, and filing *supersedeas* bond, the injunction
was virtually continued; but we think otherwise.   A *super-
sedeas* bond has the effect merely to stay proceedings in
the case.   The appellee, whose motion to dissolve had been
sustained, did not need any further proceedings in the case,
and did not contemplate any.   It is said, however, that if,
on an appeal, the order had been reversed, the injunc-
tion would have been restored, and so the services ren-
dered in resisting a reversal were as necessary, and of
the same kind, as those rendered directly in procuring a
dissolution.   But this is not quite correct.   The injunction
dissolved was a mere temporary injunction.   Strictly, it
could not be restored.   Another might be granted if the
case had not proceeded to hearing, and if the granting of
another temporary injunction would be of any use, but
that, we think, is all that could be properly said."   This is
in accord with the rule generally prevailing in other juris-
dictions.   Thus in *Thurston v. Haskell,* 81 Me. 303 (17
Atl. 73), the Supreme Court of Maine said:  "The plain-
tiffs claim that among the damages and costs caused by the
preliminary injunction are the fees he was obliged to
pay counsel in defense of the equity suit.   *Non constat*
that the preliminary injunction caused this expenditure.
The plaintiffs would have resisted the prayer for a per-
manent injunction if no preliminary injunction had been

obtained. With or without a preliminary injunction there would have been the same defense, the same pleadings, the same evidence, the same arguments, the same judgment, and consequently the same counsel fees. The expenditure was caused by the suit, and not by the preliminary injunction. It must therefore be excluded in assessing the damages in this action upon the bond for the preliminary injunction, which bond was only to pay such damages and costs as were caused by the preliminary injunction. *Oelrichs v. Spain,* 15 Wall. 211 (21 L. Ed. 43); *Newton v. Russell,* 87 N. Y. 527."

In *San Diego v. Pacific Co.,* 101 Cal. 216 (35 Pac. 651), the Supreme Court of California said with reference to this matter: "If the sureties could be held responsible, without reference to the terms of their contract, for a conspiracy to aid the plaintiff in the imposing of an illegal restraint upon the defendant, there would be some show of reason in such a rule; but, if the sureties are to be held only on their contract, the admission that the expenditures were not caused by the injunction is fatal to the argument. The sureties did not agree to pay the expense of getting rid of the restraint. Ordinarily such expense would be caused by the injunction; but it is not always so, and is not when a preliminary injunction is ended by a final judgment for defendant. Here the expenditure was caused by the suit and not by the injunction. The sureties are liable for expenditures caused by the injunction, and not for those caused by the suit." In *Lambert v. Alcorn,* 144 Ill. 313 (33 N. E. 53, 21 L. R. A. 611), the Supreme Court of Illinois said, with reference to this matter: "The relief sought by the bill was a perpetual injunction, restraining the defendant from laying his proposed tile drain, and an injunction *pendente lite* was a mere ancillary writ, which the complainants were at liberty to apply for or not, as they saw fit. Its only office was to preserve the *status quo* until a final hearing could be

had.   The complainants might have prosecuted their suit without asking for a preliminary injunction; and, if the defendant had proceeded to construct his drains during the pendency of the suit, he would not have been in contempt for disobedience to a writ, it is true.   But he would have acted at the risk of having his acts *pendente lite* declared illegal, and of being compelled to restore everything to the condition in which it was at the commencement of the suit. In a litigation of this character the services rendered in the general defense of the suit are as clearly distinguishable from those rendered for the mere purpose of getting rid of an injunction *pendente lite*, in case one has been issued, as they are in cases where relief of a different character is sought."   The rule as stated by Joyce on Injunctions, is as follows:   "Where the injunction is ancillary to the principal relief sought by the bill, and its dissolution is only incidental to the defense made, and the counsel fees and expenses are incurred in defending the suit, generally they can not be assessed as damages."   He cites in support of this rule cases from at least eleven states, among which are the following, which upon examination are found to support his conclusion.   *Bolling v. Tate,* 65 Ala. 417 (39 Am. Rep. 5); *Lamb v. Shaw,* 43 Minn. 507 (45 N. W. 1134); *Creek v. McManus,* 13 Mont. 152 (32 Pac. 675); *Newton v. Russell,* 87 N. Y. 527.   Bearing in mind the nature of the order and the fact that the Railway Company was bound to present the case here upon appeal, even though no restraining order had been issued, we do not think counsel fees for presenting that case upon appeal are recoverable in an action on the bond.

III.   Even though such fees might be recovered, the trial court was in error in directing the verdict.   It seems that some of plaintiff's counsel came to Des Moines after the order was granted to examine the papers, to file motions, etc., and that they procured a duplicate copy of the transcript in the

3. SAME: recovery of fees and expenses.

main case.  A motion was filed by them to dissolve the re-
straining order, which was overruled.  All those expenses
were incurred and fees earned before the bond in suit was
given; and, as the motions were overruled, we think the
court was in error in including these expenses, attorney's
fees, etc.  The bond might, of course, have been made to
recover prior expenditures, but we do not think the one in
suit does.  See, as sustaining this view, *Pollock v. Whipple,*
57 Neb. 82 (77 N. W. 355); *Ford v. Loomis,* 62 Iowa,
586; *Curtiss v. Bachman,* 110 Cal. 433 (42 Pac. 910, 52
Am. St. Rep. 111).  Moreover, even if such expenses might
have been taxed, it was a fair question for the jury as to
whether they were reasonable or not.  *Williams v. Bal-
linger,* 125 Iowa, 410; *Ellwood Mfg. Co. v. Rankin,* 70
Iowa, 403; *Kelly v. Town,* 101 Iowa, 669; *Clark v. Ells-
worth,* 104 Iowa, 442.  We are of the opinion that none of
the fees and expenses charged as a result of an unsuccess-
ful attempt to get a dissolution of the restraining order
should have been included as a part of the damages.

IV.  The amount to be allowed was not fixed or de-
termined by contract.  The condition was to pay all dam-
ages which might be adjudged against Whitney, and these
damages were to be awarded upon a trial.
**4. SAME:
attorney fees:
reasonable-
ness: question
of fact.**  Generally speaking, the question of the
amount of damages, where not fixed and de-
termined, is for a jury.  In actions upon an
injunction bond, where fees and expenses may be allowed,
it is for the jury to determine whether or not the expenses
were reasonably necessary, and the amount of attorney's
fees to be allowed is almost necessarily held to be a ques-
tion for the triers of fact.  It is for the jury to say
whether or not the services were necessary, and to fix the
value thereof.  *Arndt v. Hosford,* 82 Iowa, 499; *Kelly
v. Town,* and *Clark v. Ellsworth, supra; Steel v. Gordon,*
14 Wash. 521 (45 Pac. 151); *Ellwood Mfg. Co. v. Rankin,*
70 Iowa, 403.  It is true that plaintiff's witnesses gave the

only testimony upon this subject, and that defendant offered no testimony as to the value of the services rendered. But they did tender an issue with reference to the value and necessity thereof and this made a question for the jury under proper instructions. The value of attorney's services is a mere matter of opinion, and a jury is not bound to accept it, even if there be no testimony to the contrary. Such testimony is given to aid a jury—not to conclude it. At best it is opinion evidence which a jury is not bound to accept, for the question of value finally rests with it.

The trial court was in error in fixing the amount of the verdict. The motion to direct should only have been sustained insofar as to hold that plaintiff was entitled to recover. The amount of its recovery should have been left to the jury under proper instructions.

For the errors pointed out, the judgment must be, and it is, *reversed.*